Motion to dismiss denied June 21, 1927, argued October 5, reversed October 16, 1928.

## GORDON LAWSON v. THOMAS A. HUGHES ET AL.

(256 Pac. 1043; 270 Pac. 922.)

For the motion, *Mr. Thomas A. Hughes.*

*Contra, Mr. Albert Abraham.*

RAND, J.—This is a motion by the respondent Hughes to dismiss the appeal. The appeal is from a decree which the record shows was entered on September 15, 1926. Hughes appeared as his own attorney in the suit and was not represented by any other attorney. He was a resident of Los Angeles, California, and the proof of service shows that a copy of the notice of appeal and of the undertaking on appeal were each deposited in the postoffice at Roseburg, Oregon, addressed to him at his proper place of residence in Los Angeles, California, with postage prepaid, the notice having been mailed on November 13 and the undertaking on November 19, 1926.

By Section 541, Or. L., service by mail is deemed complete on the first day after the date of deposit of a copy in the postoffice that the mail leaves such postoffice for the place to which the same is sent. The service of the notice was therefore completed on November 14th, and this was within sixty days from the time of the entry of the decree. See *Hutchison v. Crandall,* 82 Or. 27 (160 Pac. 124), and *McCargar v. Moore,* 88 Or. 682 (157 Pac. 1107, 171 Pac. 587,

173 Pac. 258). A copy of the undertaking having been mailed on November 19th, service thereof was completed on November 20th, and there being no exception to the sufficiency of the sureties, the appeal was perfected five days thereafter. The transcript consisting of copies of the decree, notice and undertaking, with proof of service thereof and of the original testimony, depositions and other papers containing the evidence, all properly certified to, was filed in this court on February 18, 1927, together with two orders made and entered by the trial judge extending the time for filing the transcript, both of which orders were made within the time in which a transcript could be filed. On the same day that the transcript was filed the appellant made an application to this court for an extension of time to April 1, 1927, for filing the printed abstracts, and on March 22, 1927, an order was made extending the time to and including April 1, 1927, on which last-named date the abstracts were filed in strict compliance with the order thus made. Respondent has wholly failed to point out any legal grounds upon which this appeal can be dismissed and finding none in the record the motion to dismiss must be denied.

### On the Merits.

##### Reversed.

For appellants there was a brief over the name of *Mr. Albert Graham,* with an oral argument by *Mr. Albert Abraham.*

For respondent there was no appearance.

RAND, C. J.—This suit was brought by Gordon Lawson against the defendants, Thomas A. Hughes

and Mary C. DeMund, to enforce a trust as to an undivided one-third interest in a certain tract of land, the legal title to which had been conveyed to Hughes.

In substance, it was alleged in the complaint that, prior to the purchase of the land by Hughes, it was understood and agreed by and between Lawson, Hughes and DeMund that Hughes would purchase the land in his own name for the sum of $1,000, and that each of them should pay one third of the purchase price, and that, acting under said understanding and agreement and before the purchase of the land by Hughes, Lawson and DeMund each advanced and paid to Hughes one third of said purchase price; that Hughes purchased the land for said sum and acquired the legal title thereto, but ever since has failed and refused to convey to plaintiff said, or any, interest in the land.

The relief prayed for was that Hughes be decreed to hold the legal title to an undivided one-third interest in the land in trust for Lawson and that he be required to convey the same to Lawson.

Hughes personally appeared in the suit and interposed a demurrer to the complaint upon the ground that the complaint failed to state facts sufficient to constitute a cause of suit and also upon the ground that the court had no jurisdiction of the person of the defendant or of the subject of the suit. The demurrer was overruled on March 19, 1924, and Hughes declined to plead further, but the decree was not entered in the suit until January 26, 1925. The decree awarded to Lawson the equitable relief prayed for in the complaint and provided that, upon Hughes' failure to transfer to Lawson an undivided one-third interest in the land, the decree stand and operate as

a conveyance to Lawson of said undivided one-third interest.

Thereafter, and on September 18, 1925, DeMund purchased from Lawson, and Lawson conveyed to DeMund, said undivided one-third interest in said land. On January 23, 1926, Hughes filed a written motion for an order vacating the decree upon the alleged ground that the decree had been entered against him through his inadvertence, surprise and excusable neglect. This motion was supported by the affidavit of Hughes and by an affidavit of his attorney, setting up that Hughes intended to appeal from said decree and had no knowledge of the time when the same was entered, nor of the fact that the decree had been entered until after the time for appeal had expired. No action was taken upon the motion until April 8, 1926, which was more than one year after the entry of the decree, when an order was made vacating the decree and permitting Hughes to file an answer to the complaint. The cause was then tried and a decree was entered in favor of Hughes and against the defendant DeMund as to the undivided one-third interest which had been awarded to Lawson and by Lawson sold and conveyed to DeMund. From this latter decree DeMund has appealed.

Section 204, Or. L., provides that "when the clerk * * omits to enter judgment within the time prescribed in this chapter, * * it may be entered at any time during the term, of the day's proceedings on which it should have been entered, or, on motion of the party entitled at any subsequent term, of the day on which it is actually entered." This section authorizes the entry of a judgment at any time during the term or on motion of the party entitled at any subsequent term: *Grover* v. *Hawthorne,* 62 Or. 65, 72 (116

Pac. 100, 121 Pac. 804). The procedure provided by Section 204 is made applicable to suits in equity by Section 413, Or. L., and hence the decree not having been entered before, its entry at that time was expressly authorized by statute.

Section 103, Or. L., provides that the trial court, in the exercise of its discretion and upon such terms as may be just, may, at any time, "within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." Section 550, subdivision 5, Or. L., provides that if the appeal to the Supreme Court is not taken at the time of the rendition of the judgment or decree appealed from, it shall be taken "within sixty days from the entry of the judgment, order or decree appealed from."

██ Whether, where a judgment or decree is not actually entered until long after its rendition, a party to such judgment or decree, who had no notice of its entry and because of such lack of notice has been deprived of his right to appeal, would in some particular case be entitled to have the judgment or decree vacated would be a matter within the sound judicial discretion of the trial judge and his action thereon could not be reviewed except for an abuse of discretion. But the power of the court to grant such relief is expressly limited to the period of one year and after that period has elapsed the court- has no power to relieve a party from an order, judgment or decree against him because of his mistake, inadvertence, surprise or excusable neglect. Such was the holding in *Nicklin* v. *Robertson*, 28 Or. 278 (42 Pac. 993, 52 Am. St. Rep. 790), and it is decisive in this case. Here the motion was made

within the year but the order of the court was not made until after the expiration of the year. The court, therefore, had no authority to make the order of April 8, 1926, vacating its former decree and its action in the premises, being without authority, was void.

The decree appealed from must, therefore, be reversed and the cause remanded, with directions to reinstate the original decree. It is so ordered.

REVERSED AND REMANDED.

BEAN, MCBRIDE and ROSSMAN, JJ., concur.