Submitted on briefs April 5; reversed April 26, 1932 ·

# MONAHAN v. STATE INDUSTRIAL ACCIDENT ·COMMISSION

(10 P. (2d) 605)

*I. H. Van Winkle,* Attorney General, and *Miles H. McKey,* Assistant Attorney General, for appellant.

No appearance for respondent.

ROSSMAN, J. The pleadings before us are the complaint, the answer and the plaintiff's demurrer to the latter, predicated upon a charge that the recitals of the answer do not constitute a defense to the plaintiff's cause of action. Omitting the portions of these pleadings which are immaterial to the issue before us, it

appears that on November 30, 1928, the plaintiff sustained an industrial injury while in the employ of one who, together with himself, was subject to the provisions of the Workmen's Compensation Act; on January 11, 1929, he filed with the Commission a claim for compensation; upon the same day the Commision entered an order, constituting its first award, which allowed compensation for a period ending June 30, 1929; July 1, 1929, the Commission entered its final award which granted relief for a further period of six and two-fifths months; July 11, 1929, the plaintiff filed a petition for a reharing; July 23, 1929, a rehearing was granted which resulted in an allowance of $65 additional compensation; May 8, 1931, "at the request of said Commission, Dr. Rockey examined the plaintiff;" June 3, 1931, the claim agent of the Commission subscribed its signature to a letter addressed to the plaintiff's wife, stating that he would endeavor to bring about a conference between the Commission and Dr. Rockey for further consideration of plaintiff's claim; June 9, 1931, the same individual stated in a letter addressed to the plaintiff: "After going into the matter the Board feels that they would not be justified in reopening the case and believe that you have been compensated in accordance with the provisions of the Compensation Law. Accordingly, the case is not being reopened;" and July 10, 1931, the plaintiff filed with the Commission a petition for a rehearing "on the final decision and order as contained in your letter of June 9, 1931, to the claimant, wherein you have refused to reopen the case." July 16, 1931, the Commission entered an order denying the petition "for the reason that same was not filed within the time required by law, and for the further reason that said claimant accepted check in final adjustment of his claim."

Since no brief has been filed on behalf of the respondent, we do not have the benefit of a statement of his contentions. Section 49-1836, Oregon Code 1930, provides that any application for increased compensation from the Industrial Accident Fund, sought on account of aggravation of the injury, must be filed with the Commission within one year from the date of the first award of compensation. Since the first award to the claimant was made January 11, 1929, we assume that he does not contend that this is an appeal from an order denying additional compensation on account of an aggravation of his injury, but that he believes the Commission was mistaken in its understanding of the nature of his injury when it made its previous awards. Likewise, we assume that the plaintiff construes the letter of June 9, 1931, as a decision or an order of the type mentioned in section 49-1842, Oregon Code 1930, and that section 49-1843 authorizes this appeal. Section 49-1842, among other matters, provides:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction. Whenever the commission has made any order, decision or award pertaining to any claim, it shall promptly serve the claimant with a copy thereof by mail, which shall be addressed to the claimant's last known address as shown by the records of the commission. Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing * * *."

Section 49-1843 makes provision for appeals to the circuit court from the decisions of the Commission. The only portion of it which is material to our present problem is the following:

"Within thirty days after a copy of the final order of the commission upon such application for rehearing

has been mailed claimant, as herein provided, or within thirty days after rehearing is deemed denied under section 49-1842, claimant may appeal to the circuit court  *  *  *."

The words "order, decision or award" appearing in section 49-1842 are general in nature and if they stood alone would be capable of sustaining the plaintiff's contention, provided the letter of June 9, 1931, constitutes a decision of the Commission. But section 49-1836, subdivision (c), provides:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor. However, the power and jurisdiction of the commission shall be continuing, and it may, upon its own motion only, from time to time make such modification or change with respect to former findings, orders or awards as in its opinion may be justified, but no appeal from or review of such proceedings shall be had."

Before section 49-1836 was amended in 1925 by adding, among other matters, the limitation expressed in the last sentence of that section, this court had held in 1923 in *Chebot v. State Industrial Accident Commission,* 106 Or. 660 (212 P. 792), that anyone dissatisfied with his final award could secure at any subsequent time the right to have his case reviewed in the circuit court by calling his condition to the attention of the

Commission, and then if the Commission declined to grant additional relief, prosecute an appeal to the circuit court.

Yielding to subdivision (c) of section 49-1836 the effect which we believe we must, it is our opinion that while the Commission owes at all times the duty to make such modifications and changes in its former awards of compensation as the circumstances demand, yet no appeal is available to those aggrieved by the refusal of the Commission to gratify their demands who have allowed the time for appealing from the final award to expire, except in those instances where the claim is based upon an application for increased compensation due to an aggravation of the original injury.

The above being our conclusion, it follows that the judgment of the circuit court must be reversed. The case will be remanded with instructions to dismiss.

BEAN, C. J., RAND, BROWN, KELLY and CAMPBELL, JJ., concur.

BELT, J., absent.