Motion to dismiss appeal denied June 7; submitted on briefs
June 21; reversed July 12, 1932

# GOSS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(12 P. (2d) 322, 12 P. (2d) 1006)

*I. H. Van Winkle,* Attorney General, and *Miles H. McKey,* Assistant Attorney General, for appellant.

*A. W. Schaupp,* of Klamath Falls, for respondent.

BEAN, C. J.  This is an appeal from a judgment and decree reversing the order of the State Industrial Accident Commission denying plaintiff's application for a rehearing of award of compensation. Respondent moves to dismiss the appeal upon the following grounds, to wit: (1) that no undertaking on appeal has ever been filed by appellant; (2) that notice of appeal was filed on or about March 2, 1932, and the bill of exceptions was not filed until May 3, 1932; (3) that the appellant has failed to file an abstract as specified in Rule 6 of the Revised Rules of the Supreme Court, or as provided in section 7-507, Oregon Code 1930.

It appears from the record that the judgment and decree appealed from was rendered and entered January 9, 1932.  On March 1, 1932, appellant served notice of appeal in the cause upon the attorney for respondent by depositing a true copy of said notice of appeal in the United States postoffice in Salem, Oregon, addressed to A. W. Schaupp, 21 Loomis Building, Klamath Falls, Oregon, same being his office address, with postage fully prepaid thereon, and at the same time mailed to the county clerk of Klamath county, Klamath

Falls, Oregon, the original notice of appeal, together with proof of service, which was filed by said county clerk on March 3, 1932. On March 3 the judge of the circuit court for Klamath county, before whom the cause was tried, made and entered an order granting until May 9, 1932, within which the appellant might serve and tender its bill of exceptions in the cause. On March 22, 1932, a copy of the bill of exceptions was served by depositing the same in the United States postoffice at Salem, Oregon, properly addressed to the attorney for respondent, with postage fully prepaid. The original bill of exceptions with proof of service attached thereto was received and filed by the county clerk on March 23, 1932, on which date the judge of the circuit court allowed said bill of exceptions and certified the same as true and correct.

On March 23, 1932, appellant filed a transcript on appeal with the clerk of this court, consisting of copies of the decree or judgment, notice of appeal, proof of service of notice of appeal and order extending the time within which to tender the bill of exceptions, duly certified.

On April 9, 1932, appellant served by mail a true copy of appellant's abstract of record upon A. W. Schaupp, attorney for respondent by depositing same in the United States postoffice at Salem, Oregon, postage prepaid, properly addressed to the attorney for respondent and filed the original thereof with proof of service, and the required number of copies, with the clerk of this court. On May 11, 1932, appellant served a copy of appellant's brief upon the attorney for respondent by mailing a copy thereof to said attorney, and filed the original with proof of service, and the required number of copies, with the clerk of this court.

Section 7-619, Oregon Code 1930, provides: "the state shall not be required to furnish any bond or undertaking upon appeal or otherwise in any such action or proceeding."

■ In *Miller v. State Industrial Accident Commission,* 84 Or. 507 (159 P. 1150, 165 P. 576), this court held that upon an appeal by the State Industrial Accident Commission to this court from an order reversing its disposition of a claim for compensation, the state is an interested party, and, under the provisions of section 7-619, Oregon Code 1930, the State Industrial Accident Commission is not required to file an undertaking upon appeal. The first point of the motion to dismiss is not well taken.

■ Section 2-703, Oregon Code 1930, as amended by chapter 49, Laws of 1931, provides that "A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within sixty (60) days after the entry of the judgment or decree, or within such further time as may be granted by order of the court if application is made during the said period of sixty (60) days or within any extension that may be granted." The record discloses that the bill of exceptions was filed with the clerk of the circuit court for Klamath county within the time provided by the order of the circuit judge, who tried the cause, extending the time for filing the bill of exceptions. The bill of exceptions was tendered and filed within the required time. The motion to dismiss refers to May 3, 1932, the date on which the bill of exceptions was filed in this court and not to the date when the bill of exceptions was filed with the clerk of the circuit court and presented to the judge of that court.

The transcript on appeal consisting of copies of the decree or judgment, notice of appeal, proof of service

of notice of appeal, motion and order extending time within which to tender bill of exceptions certified by the clerk, was filed in this court on March 23, 1932. On April 9, 1932, appellant served by mail a true copy of appellant's abstract of record upon the attorney for respondent, which was within the required time of 20 days.

Section 7-507, Oregon Code 1930, provides that within 30 days after an appeal has been perfected the appellant shall file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal together with the copy of the judgment or decree, the notice of appeal and proof of service thereof, and of the undertaking on appeal.

Rule No. 6 of the Revised Rules of this court requires an abstract of record to be filed within 20 days after the transcript has been filed, containing a copy of so much of the record as may be necessary to a full understanding of the questions presented for a decision.

In *Walker v. Firemen's Fund Ins. Co.*, 122 Or. 179, (257 P. 701), this court held that a transcript containing a certified copy of the judgment, the notice of appeal and proof of service thereof, and undertaking on appeal and nothing more, is sufficient compliance with the requirements of section 7-507, Oregon Code 1930.

■ The transcript on appeal having been filed on March 23, 1932, and the abstract of record having been served and filed on April 9, 1932, it was filed within the statutory time.

Attorney for respondent asserts in an affidavit dated May 19, 1932, that although it is claimed that the abstract of record was mailed to attorney for respondent on April 9, 1932, he has not received the same. Section 7-403, provides:

"Service by mail may be made, when the person for whom the service is made, and the person on whom it is to be made, reside or have their offices in different places, between which there is communication by mail."

And section 7-404, Oregon Code 1930, provides:

"In case of service by mail, the copy may be deposited in any postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service shall be deemed to be made on the first day after the deposit in the postoffice that the mail leaves the place of deposit for the place of address, and not otherwise." See *Haberly v. Farmers' Mut. Fire Rel. Ass'n,* 135 Or. 32, 34 (287 P. 222).

■ Therefore, the law contemplates that, on the day after the abstract was deposited in the United States postoffice and the mail left the place of deposit, the service is deemed to have been made, and it cannot be insured that the party to whom the abstract or paper is mailed shall receive the same. The service of the abstract, as shown by the record, was in compliance with the statute and the rules of this court.

The record discloses that the statutory requirements for the appeal have been complied with. Therefore the motion to dismiss the appeal is denied.

On the Merits
(12 (2d) 1006)

*I. H. Van Winkle,* Attorney General, and *Miles H. McKey,* Assistant Attorney General, for appellant.

*A. W. Schaupp,* of Klamath Falls, for respondent.

██ BROWN, J. Over and over again we have asserted that the provisions of the Workmen's Compensation Law should be liberally construed and fairly applied, to the end that its humane purposes might be carried out. It was also the manifest purpose of the Compensation Law that compensation should be adjusted from time to time, as the disability increased or diminished: *Farrin v. State Industrial Accident Commission,* 104 Or. 452 (205 P. 984); *Chebot v. State Industrial Accident Commission,* 106 Or. 660 (212 P. 792). Moreover, section 49-1827, Oregon Code 1930, provides a means of allowing compensation in the event that the condition of a claimant becomes worse after final order, or in the event that a latent disability results from the injury and is discovered only after final order. That section reads, in part:

"If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the commission may, upon the application of the beneficiary, or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided, or, in a proper case, terminate the payments."

██ The claimant in the instant case has made no attempt to secure compensation under the statutory provision just quoted, but relies entirely upon the case of *Meaney v. State Industrial Accident Commission,* 113 Or. 371 (227 P. 305, 232 P. 789). This is erroneous.

The Meaney case was heard in the Circuit Court prior to the 1925 amendment of subdivision (c), section 49-1836, Oregon Code 1930, which reads:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor. However, the power and jurisdiction of the commission shall be continuing, and it may, upon its own motion only, from time to time make such modification or change with respect to former findings, orders or awards as in its opinion may be justified, but no appeal from or review of such proceedings shall be had."

The claimant says in his brief:

"Claimant * * * does not claim that there was an aggravation of his disability, and only claims that, through a mistake of both himself and the Commission, a final order was made terminating his compensation; that, later, he learned that he was suffering during all of the intervening years from the same injury to the same extent as that suffered between May 26, 1924, and October 22d of the same year."

The State Industrial Accident Commission is of statutory creation, and that body is without authority to expend the funds derived from the administration of the Workmen's Compensation Law in any way except as provided in the law by which it was created. We have searched the statute in vain for some pro-

vision that would clothe the Commission with authority to pay the amount that the claimant herein alleges is due him for that period of time intervening between the date of his settlement with the Commission and the date of the trial in the Circuit Court in the year 1932. Moreover, the Compensation Law specifically enacts that ''no increase or rearrangement in compensation shall be operative for any period prior to the application therefor.''

We also direct attention to the decision of this court in the recent case of *Monahan v. State Industrial Accident Commission,* 139 Or. 417 (10 P. (2d) 605), a case similar in point of fact to the one under consideration. From a perusal of that case it appears that the Accident Commission had entered an order denying the petition of Monahan ''for the reason that same was not filed within the time required by law, and for the further reason that said claimant accepted check in final adjustment of his claim.'' With relation to the time limitation referred to in the order of the Commission, the court there said:

''Section 49-1836, Oregon Code 1930, provides that any application for increased compensation from the Industrial Accident fund, sought on account of aggravation of the injury, must be filed with the Commission within one year from the date of the first award of compensation.''

In that case, as in the case at bar, the claimant believed, and acted upon the theory, that the Commission was mistaken in its understanding of the character of his injury at the time it made its award. The opinion therein continues:

''Section 49-1842, * * * provides: 'The Commission shall have full power and authority to hear and determine all questions within its jurisdiction.

Whenever the Commission has made any order, decision or award pertaining to any claim, it shall promptly serve the claimant with a copy thereof by mail, which shall be addressed to the claimant's last known address as shown by the records of the Commission. Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the Commission an application for rehearing.'

"Section 49-1843 makes provision for appeals to the Circuit Court from the decisions of the Commission. The only portion of it which is material to our present problem is the following:

'Within thirty days after a copy of the final order of the Commission upon such application for rehearing has been mailed claimant, as herein provided, or within thirty days after rehearing is deemed denied under section 49-1842, claimant may appeal to the Circuit Court * * *.'

   *   *   *

"But section 49-1836, subdivision (c), provides:

'If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor. However, the power and jurisdiction of the commission shall be continuing and it may, upon its own motion only, from time to time make such modification or change with respect to former findings, orders or awards as in its opinion may be justified, but no appeal from or review of such proceedings shall be had.' "

The court, speaking through Mr. Justice Rossman, concludes with the following language:

"Yielding to subdivision (c) of section 49-1836 the effect which we believe we must, it is our opinion that, while the Commission owes at all times the duty to make such modifications and changes in its former awards of compensation as the circumstances demand, yet no appeal is available to those aggrieved by the refusal of the Commission to gratify their demands who have allowed the time for appealing from the final award to expire, except in those instances where the claim is based upon an application for increased compensation due to an aggravation of the original injury.

"The above being our conclusion, it follows that the judgment of the Circuit Court must be reversed."

As we have heretofore indicated, the power of the State Industrial Accident Commission is limited to the power specifically prescribed by the enactment that gave it being. We have hereinbefore made reference to that enactment.

Under the facts disclosed by the record herein, the lower court did not have jurisdiction to hear and determine the case. Therefore, the judgment rendered by that court is hereby reversed and the cause remanded.