Argued and submitted July 9, 1991, the Court of Appeals' amended order of
dismissal reversed and case remanded to the Court of Appeals for further
proceedings February 6, 1992

Agnes M. MULLENS
and Robert J. Wright,
*Petitioners on Review,*

*v.*

L. Q. DEVELOPMENT,
OREGON LTD,
*Respondent on Review,*

*and*

Donald E. ROWLETT,
Jean Rowlett, LeQuieu Enterprises LTD,
Kerns Bros Realty, High Desert Farm Supply,
William A. Green, Jr., Albert LeQuieu,
Thora LeQuieu, Henry J. O'Keeffe,
Patricia D. O'Keeffe, O'Keeffe Family Trust,
Patricia Apodaca, Linda Apodaca
and Christine Mallory,
*Defendants.*

(CC 87-205-CV; CA A66237; SC S37834)

825 P2d 1376

Robert J. Wright, *pro se*, argued the cause for petitioners on review. With him on the petition was Agnes M. Mullens, *pro se*.

No appearance *contra*.

David Gernant, Portland, argued the cause and filed a brief on behalf of *amici curiae* Oregon Trial Lawyers Association and Oregon Association of Defense Counsel. With him on the brief was Charles F. Adams, of Stoel, Rives, Boley, Jones & Grey, Portland.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiffs seek reinstatement of their appeal which was dismissed by the Court of Appeals on the ground that plaintiffs had "failed to timely serve the original notice of appeal on [defendant]."[1] Because we conclude that the Court of Appeals used the wrong legal standard in assessing whether plaintiffs' service was timely, we reverse the order of dismissal and remand for further proceedings.[2]

On July 26, 1990, after summary judgment proceedings, a judgment was entered dismissing plaintiffs' complaint. On August 21, 1990, plaintiffs timely filed a "NOTICE OF APPEAL" from that judgment. Paragraph "5" of that notice certifies that plaintiffs

"served the Notice of Appeal on the 21st day of August, 1990 to the attorney for the defendants, by regular mail from Eugene, Oregon, postage prepaid. [sic] and addressed to

"(1)    Brandness, Brandness and Davis, 411 Pine Street, Klamath Falls Oregon 97603 [defendants' attorneys]

"(2)    Klamath County Circuit court clerk."

On August 30, 1990, the trial judge signed a "JUDGMENT ORDER" for cost bill and attorney fees. On September 6, the trial judge signed a "JUDGMENT ORDER" for attorney fees.[3]

On September 11, 1990, plaintiffs filed an "*AMENDED* NOTICE OF APPEAL" by mail to include the trial court's rulings on costs and attorney fees. (Emphasis in original.) Paragraph "5" of that amended notice certifies that plaintiffs

"served the *Amended* Notice of Appeal on the 11th day of August [sic],[4] 1990 to the attorney for the defendants, by

---

[1] On December 28, 1990, the Court of Appeals entered an order of dismissal on the ground that plaintiffs had failed to timely "file" their notice of appeal. On January 2, 1991, the court entered an amended order of dismissal on the ground that plaintiffs had failed to timely "serve" their notice.

[2] L. Q. Development, Oreg. Ltd., an Oregon partnership, is the only defendant involved in this review.

[3] Once again, we admonish trial judges that they should not sign documents titled "judgment order." *See State v. Carrillo*, 311 Or 61, 64 n 4, 804 P2d 1161 (1991) (the term "judgment order" is inherently contradictory).

[4] Plaintiff Wright filed an affidavit in the Court of Appeals that "August 11"

regular mail from Eugene, Oregon, postage prepaid. [*sic*] and addressed to

"(1)  Brandness, Brandness and Davis, 411 Pine Street, Klamath Falls Oregon 97603 [defendants' attorneys]

"(2)  Klamath County Circuit court clerk.

"(3)  Judge Bains court Reporter Z (name unknown)"

On October 4, 1990, defendant moved to dismiss plaintiffs' appeal for lack of appellate court jurisdiction, asserting that plaintiffs had failed timely to serve a copy of their original notice of appeal on defendant.[5] The affidavit of Reginald R. Davis, one of the attorneys in the law firm representing defendant, states, in part, that

"2.  I never received a letter nor were [*sic*] served in any other manner a Notice of Appeal in this case.

"3.  To the best of my knowledge the only Notice of Appeal in this case served on this law firm was the Amended Notice of Appeal received September 12, 1990.

"4.  After receipt of the Amended Notice of Appeal I placed a telephone call to the Court of Appeals, which informed me that *they had received Notice of Appeal on August 22, 1990* and I requested that they forward a copy of that Notice to me; the law firm received the Notice of Appeal forwarded by the Court of Appeals on September 21, 1990, a copy of which is attached hereto as Exhibit '1'." (Emphasis in original.)

---

was a scrivener's error and that plaintiffs meant "September 11." That error is not an issue on review.

[5] Defendant also asserted that although ORS 19.023(2)(b) requires that service of a copy of a notice of appeal be made on the clerk of the trial court, in this case, the clerk did not receive a service copy of plaintiffs' original notice of appeal. Defendant did not rely on the failure to serve the clerk as a ground for dismissal. Rather, it noted that fact as corroboration of its assertion that *it* did not timely receive a copy of plaintiffs' original notice of appeal.

ORS 19.023(2)(c) provides that a copy of the notice of appeal shall be served "[o]n the trial court reporter if a transcript is designated in connection with the appeal." The record also contains the affidavits of the two circuit court reporters in this case that neither of them received a copy of plaintiffs' original notice of appeal. In response, plaintiffs state that "[t]he Court Reporter did not receive any notice of the original appeal for the reason that a transcript was not needed." Defendant does not challenge that assertion.

According to other affidavits from, apparently, every attorney and employee of defendant's counsel, defendant never received a service copy of plaintiffs' original notice of appeal.

In moving to dismiss, defendant relied on ORS 19.026(1), which, generally, requires that "the notice of appeal shall be served and filed within 30 days after the judgment appealed from is entered in the [trial court] register," and on ORS 19.033(2)(a), which makes service of the notice of appeal as provided by ORS 19.023(2)(a), within the time limits prescribed by ORS 19.026, jurisdictional. Defendant argued that service of plaintiffs' original notice of appeal was not timely because they did not *receive* a copy of that notice of appeal within the statutorily required 30-day period. The Court of Appeals granted defendant's motion and dismissed plaintiffs' appeal.

Generally, before the Court of Appeals obtains jurisdiction to decide the merits of an appeal, the appellant must serve a copy of the notice of appeal on "all parties who have appeared in the action, suit, or proceeding," ORS 19.023 (2)(a),[6] within 30 days after the judgment appealed from is entered in the trial court register. ORS 19.026(1).[7] Service within the 30-day time limit is jurisdictional. ORS 19.033(2)(a).[8]

ORS 19.028(2) provides:

"Service of notice of appeal on a party, court reporter or the clerk of the trial court, or service of a petition for judicial review on a party or administrative agency may be accomplished by first class, registered or certified mail. *The date of*

---

[6] ORS 19.023(2) provides in part:

"The appeal shall be taken by causing a notice of appeal * * * to be served:

"(a) On all parties who have appeared in the action, suit or proceeding[.]"

[7] ORS 19.026(1) provides in part:

"[T]he notice of appeal shall be served and filed within 30 days after the judgment appealed from is entered in the register."

[8] ORS 19.033(2) provides in part:

"The following requirements of ORS 19.023, 19.026 and 19.029 are jurisdictional and may not be waived or extended:

"(a) Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.023(2)(a), within the time limits prescribed by ORS 19.026."

*serving such notice shall be the date of mailing.* Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken." (Emphasis added.)[9]

In its motion to dismiss, defendant argued that, because it did not *receive* a copy of plaintiffs' original notice of appeal within the 30-day period required by law, the notice of appeal was not timely served. That argument is not well taken.

■　　　Under our statutory scheme, the timeliness of service of a notice of appeal is tested by the date on which the notice of appeal is *mailed* in a manner permitted by statute, ORS 19.028(2), not by the date on which a responding party *receives* the notice of appeal. That rule long has been a part of Oregon's procedural law.

From 1862 until 1933, notices of appeal could be served by mail and, for the purpose of timeliness, service was deemed to have been made on the day after deposit in the mail. *See* General Laws of Oregon, ch 6, §§ 517 to 519 (Civ Code) (Deady 1845-1864) (so providing); Codes and General Laws of Oregon, ch VI, §§ 526 to 529 (Hill 1887) (same); Codes and Statutes of Oregon, Title VII, ch IV, §§ 538 to 541 (Bellinger and Cotton 1902) (same); Lord's Oregon Laws §§ 538 to 541 (1909) (same); Oregon Laws, ch IV, §§ 538 to 541 (Olson 1920) (same); Oregon Code Annotated §§ 7-401 to 7-404 (1930) (same). Under those statutes, for service by mail to be timely, the notice only had to be mailed by the day before the last day to file the appeal. It was immaterial whether the respondent received the notice within the relevant time period, or even whether the respondent received it at all. *See, e.g., Goss v. State Ind. Acc. Com.*, 140 Or 146, 151, 12 P2d 322, 12 P2d 1006 (1932) (appellate abstract held to be served

---

[9] ORAP 1.35(2), this court's rule implementing ORS 19.028(2), provides, in part:

"(b) Except as otherwise provided by law, service may be in person or by first-class mail. *Service by mail through the United States Postal Service shall be complete on deposit in the mail* unless otherwise provided by statute.

"* * * * *

"(d) Any thing filed with the Administrator shall contain either an acknowledgment of service by the person served or proof of service in the form of a statement of the date of personal delivery or deposit in the mail and the names and addresses of the persons served, certified by the person who made service." (Emphasis added.)

timely when mailed before deadline, even though the respondent swore by affidavit that he never received it); *Lawson v. Hughes*, 127 Or 16, 17, 256 P 1043, 270 P 922 (1928) (service held to be timely where a duly mailed notice was deposited with the post office in Roseburg, Oregon, on day before deadline ran, for delivery to a party in Los Angeles, California).

In 1933, the provision allowing for mailing of notices was amended to provide that service occurred on the day of mailing. Or Laws 1933, ch 238, § 1. That provision, eventually codified as ORS 16.790, remained in effect until 1979. *See* OCLA §§ 10-601 to 10-605 (1940) (setting out statutes); *former* ORS 16.790 (repealed by Or Laws 1979, ch 284, § 199) (same).

In 1979, in connection with the adoption of the Oregon Rules of Civil Procedure, *former* ORS 16.790 was repealed. In that statute's place, *former* ORCP 9D (currently ORCP 9B) continued in effect the provision that service of pleadings and papers other than a summons is complete when the document is mailed. Until 1987, ORS 19.104, providing generally for service of appellate papers, made that provision in the ORCP applicable to service of a notice of appeal. In 1987, the legislature specifically provided that a notice of appeal is considered served when deposited in the mail. *See* ORS 19.028(2) (1987) (Or Laws 1987, ch 852, § 6). The purpose of the 1987 statute was to provide that a notice of appeal had to be served by registered or certified mail. *See* ORS 19.028(2) (1987) (Or Laws 1987, ch 852, § 6). In 1989, however, the legislature amended the statute to provide that service also may be by first-class mail. *See* ORS 19.028(2) (1989) (Or Laws 1989, chapter 768, § 12). Thus, as a practical matter, the current version of ORS 19.028(2) and ORS 19.104 (making ORCP 9B generally applicable to service of appellate papers) are the same. Nonetheless, the statute to which we look in this case is ORS 19.028(2), a statute specific to the service of a notice of appeal, and ORAP 1.35(2)(b) our rule implementing that statute.

■ In the present case, the Court of Appeals' amended order of dismissal states only that:

"[Defendant] has moved to dismiss the appeal on the ground that [plaintiff] failed to timely serve the original

notice of appeal on [defendant]. The motion is allowed.[10]

"Appeal dismissed."

The only ground that defendant asserted in support of its motion to dismiss was that it had not *received* a copy of plaintiffs' original notice of appeal within the statutory 30-day period. The Court of Appeals' amended order of dismissal states only that the court allows defendant's motion and recites the ground asserted therein by defendant in support of that dismissal. As we read it, the order is based on acceptance by the Court of Appeals of defendant's theory. But, as noted, receipt by the opposing party is not the test. In the context of this case, the test of whether plaintiffs timely served the original notice of appeal on defendant is whether plaintiffs timely mailed the notice. It appears, therefore, that the Court of Appeals used the wrong legal standard in dismissing plaintiffs' appeal.

Insofar as its order shows, the Court of Appeals made no express finding, nor did it draw any express inference or conclusion, with respect to what the test actually *is*, *viz.*, whether plaintiffs had timely mailed their original notice of appeal. The Court of Appeals evidently relied only on defendant's motion and its attached affidavits. The court cited no authority and published no analysis. An erroneous legal conclusion that defendant's nonreceipt of plaintiffs' original notice of appeal was a jurisdictional defect would carry with it no necessary factual finding on the issue of timely mailing; both mailing and failure to mail could be consistent with nonreceipt by defendant. Consequently, there is neither an express nor an implicit finding of fact made by the Court of Appeals on the issue whether plaintiffs timely mailed their original notice of appeal to defendant.

■ If plaintiffs timely mailed a service copy of their original notice of appeal to defendant, that mailing would constitute timely service. That defendant's attorneys did not receive a service copy of plaintiffs' original notice of appeal does not necessarily negate timely service on them. *Goss v. State Ind. Acc. Com.*, *supra*, 140 Or at 151; *Lawson v. Hughes*, *supra*, 127 Or at 17. Although receipt or nonreceipt

---

[10] In this context, we do not read the words "the motion is allowed" to be equivalent of a finding that plaintiffs' original notice of appeal was not timely *mailed*.

of a service copy of a notice of appeal is not dispositive of the question of whether service is timely, proof of nonreceipt may be probative of whether the notice was mailed.

Neither on appeal nor review has defendant ever *expressly* questioned whether plaintiffs timely mailed to defendant a service copy of their original notice of appeal. The focus of defendant's argument was on receipt rather than mailing. Nonetheless, the issue of timeliness of mailing is before us. Whether the notice was mailed in a timely manner is dispositive of the question of timely service, a jurisdictional concern. ORS 19.033(2)(a). When an issue of subject matter jurisdiction arises at any stage of the proceedings, it must be addressed by the court, even if it is not raised by the parties. *Robertson v. Henderson*, 181 Or 200, 205, 179 P2d 742 (1947). There is evidence in the record that would support a finding that plaintiffs either did or did not comply with ORS 19.028(2) and ORCP 1.35(2). Because the factual issue in dispute concerns the jurisdiction of the Court of Appeals, we leave it in the first instance to that court's resolution. We, however, proceed to address some of the burdens of persuasion that are relevant to that task.

■ *Amici curiae* argue that this court should announce a rule that, when a notice of appeal that is timely filed contains a certificate of timely service on opposing counsel, the requirements of ORS 19.028 have been met. We reject the suggestion that, when an assertion of timely service by mail has been challenged, the Court of Appeals may not look behind an appellant's assertion that he or she timely mailed a notice of appeal to opposing counsel in deciding a factual dispute. Because such a challenge raises an issue of jurisdictional fact, and because the appellant is asserting appellate jurisdiction, the appellant must allege and prove timely service. *See State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980) ("In order to invoke the jurisdiction of any court a party must allege such facts as are necessary to establish that the court has jurisdiction to act. The burden of coming forward with 'jurisdictional facts' lies upon the party asserting jurisdiction.") (Citation omitted).

■ A party seeking to prove that a notice of appeal has been timely mailed, generally, will meet the burden of persuasion if the party provides a certificate that the mailing was

made or a written acknowledgment of receipt from the party to whom the notice was mailed. *See* ORS 19.028(2) ("Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken."); ORAP 1.35(2)(d) (*see* n 9, *supra*). Because both a statement that a notice of appeal was timely mailed and a statement that the notice was not received could be true, a certificate of mailing may be sufficient to prove proper mailing even where the party to whom the mailing allegedly was made swears by affidavit that he or she did not receive it. Our statutes and rules do not require that the service copy of the notice be received in order that service be complete. The legislature has seen fit to allow the service of a notice of appeal on a party by first class mail — a manner of mailing that, unlike registered or certified mail, contains no inherent proof of the fact or date of mailing. ORS 19.028(2). To require, initially, something more from an appellant than a certificate that the mailing was made would frustrate the legislature's purpose of making the service of a notice of appeal an easier process that does not require extensive proof.

On the other hand, lack of receipt is a fact from which a trier of fact may infer that the notice was not timely filed or that necessary copies were not timely mailed. Resolution of the factual issue is for the Court of Appeals.

We reverse the Court of Appeals' amended order of dismissal and remand this case to that court to find, using the correct legal standard, whether plaintiffs timely served a copy of their original notice of appeal on defendant, and to dismiss or proceed with the appeal accordingly.

The Court of Appeals' amended order of dismissal is reversed. This case is remanded to the Court of Appeals for further proceedings.

**PETERSON, J.,** dissenting in part and concurring in part.

Although I agree that a certificate of timely mailing is not conclusive on the question of mailing, I dissent from the decision to remand this case to the Court of Appeals.

Defendant-respondent moved to dismiss the appeal on the ground that "appellants did not meet the necessary

requirements to establish jurisdiction by the Court of Appeals." The Court of Appeals dismissed the appeal "on the ground that appellants failed to timely serve the * * * notice of appeal on respondent."

The Court of Appeals made no findings. In such case, if there is evidence from which facts could be decided more than one way, "this court will presume that the [Court of Appeals] found facts in a manner consistent with its ultimate conclusion." *State v. Carlson*, 311 Or 201, 214, 808 P2d 1002, 1010 (1991). I read the Court of Appeals' order to mean that the Court of Appeals found that the notice of appeal was not timely mailed; therefore, the notice of appeal was not timely served.[1] Because there is evidence from which the Court of Appeals could have found that the notice of appeal was not timely mailed, that finding is implicit in its order. *See also Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). I would affirm the Court of Appeals' order dismissing the appeal.

Unis, J., joins in this opinion.

---

[1] The majority agrees that "[t]here is evidence in the record that would support a finding that plaintiffs either did or did not comply with ORS 19.028(2) and ORCP 1.35(2)." 312 Or at 608.