On petition for review filed January 8,* petition for review allowed; order of the Court of Appeals vacated and case remanded to Court of Appeals for further proceedings April 29, 1999

Louie MURRIETA
and Jeannie Murrieta,
*Petitioners on Review,*

*and*

Roger WEIDNER,
*Plaintiff,*

*v.*

Susan BREWSTER,
Frank Mancino, George Reed,
Kevin Harrison, Catherine Morrow,
Ralph Giffen, and Gerald Martin,
*Defendants,*

*and*

DESCHUTES COUNTY,
*Respondent on Review.*

(CC 97CV0031AB; CA A102922; SC S46058)

981 P2d 330

---

* Appeal from Court of Appeals' Order of Dismissal dated November 6, 1998.

Terrance L. McCauley, Estacada, filed the petition for petitioner on review.

No appearance *contra*.

GILLETTE, J.

## GILLETTE, J.

This case involves the appellate jurisdiction of the Court of Appeals. Petitioners seek review of an order of the Court of Appeals that dismissed their appeal as untimely.[1] For the reasons that follow, we allow the petition for review, vacate the order of the Court of Appeals, and remand the case to that court for further proceedings.

Petitioners appealed from a judgment entered in the trial court on June 22, 1998. Their notice of appeal was filed on July 21, 1998, the next to last day on which an appeal could be taken from the trial court judgment. ORS 19.255(1). Although there were several defendants in the case before the trial court, petitioners chose to designate only one defendant, Deschutes County (the county), as respondent on appeal. Osburn, who was counsel for the county, also had represented additional defendants before the trial court.

The county moved to dismiss the appeal on the ground that the notice of appeal was not served timely. Osburn's affidavit stating that he had not received a service copy of petitioners' notice of appeal until August 12, 1998, accompanied the county's motion. The Court of Appeals allowed the motion to dismiss; the present petition for review followed.

A notice of appeal must be served and filed within 30 days after the judgment from which the appeal is taken is entered in the trial court register. ORS 19.255(1). Timely service of the notice of appeal on the adverse party or parties is jurisdictional. ORS 19.270(2)(a). Service of the notice on an opposing party may be accomplished, *inter alia*, by first class, registered, or certified mail, and the date of mailing the copy of the notice by any of the foregoing methods is deemed to be the date of service. ORS 19.260(2).

■ In cases such as this, in which timely service of the notice of appeal is contested, the question whether the notice was served timely is a question of fact to be resolved by the Court of Appeals. *Mullens v. L. Q. Development*, 312 Or 599,

---

[1] The issues in the underlying case are not material to this proceeding.

608, 825 P2d 1376 (1992). The Court of Appeals made the following findings of fact in this case:

"The judgment being appealed was entered on June 22, 1998; therefore, in order for the notice of appeal to have been served timely, appellants would have had to serve the notice of appeal no later than July 22, 1998. Further, the court finds that:

"* Appellants designated only Deschutes County as a respondent on appeal.

"* When the notice of appeal was filed, Deschutes [C]ounty was represented by attorney John Osburn.

"* The original notice of appeal contains [petitioners'] counsel's certificate that counsel served John Osburn by mail on July 21, 1998, but the certificate identifies * * * Osburn as counsel only for defendants other than Deschutes County.

"* John Osburn did not receive the copy of the notice of appeal mailed to him until August 12, 1998.

"* The certificate of service portion of the copy of the notice of appeal received by John Osburn differs from the original notice of appeal in that handwritten on it under the statement of the date of mailing are these words: '2nd copy: 8-11-98'.

"* In his response to the motion to dismiss, [petitioners'] attorney does not state that he properly mailed a copy of the notice of appeal to John Osburn on July 21, 1998, nor does he deny that he caused a second copy of the notice of appeal to be mailed to Osburn on August 11, 1998.

"The court infers from these facts that: (1) [petitioners'] attorney made some mistake in serving the original notice of appeal on July 21, 1998, resulting in the copy of the notice of appeal intended for John Osburn not being delivered to him at that time, and (2) [petitioners'] attorney caused a second service copy to be mailed to Osburn on August 11, 1998, which was received by him on August 12, 1998.

"The court concludes that [petitioners] did not serve respondent with a copy of the notice of appeal until August 11,

1998, and that such service is untimely. The motion to dismiss is granted."

It appears from the Court of Appeals' order that the court considered it a pivotal fact that the petitioners' certificate of mailing "identifies * * * Osburn as counsel only for defendants other than Deschutes County." Although technically correct, that fact is not dispositive. It is true that the certificate of service, which appears in paragraph 6 of the notice of appeal, identifies Osburn as being "of attorneys for" a list of other defendants, without mentioning Deschutes County, and states that a true copy of the notice of appeal was served on him. However, the immediately preceding paragraph in the notice of appeal correctly identifies Osburn as the attorney for Deschutes County. Thus, the notice of appeal both identifies Osburn as counsel for respondent and certifies that a true copy of the notice of appeal was served on him.

■　　For whatever reason, the original copy of the notice of appeal did not reach Osburn. But, because service is accomplished by a proper mailing, not by receipt, that fact does not determine necessarily whether adequate service by mail occurred. *See Mullens*, 312 Or at 604, 607 (stating principle).

■　　The order of the Court of Appeals appears to be predicated on a factual finding that counsel for petitioners "made some mistake" and failed to mail a notice to Osburn. The path to that conclusion is not clear to us. The certificate states that Osburn was served. Such a certificate is not a verity, but it is sufficient to put a respondent to its proof that service did not occur. *Mullens*, 312 Or at 609. Lack of receipt raises a factual question about whether service actually occurred, but is not dispositive. *Ibid.* The Court of Appeals justified its conclusion that service did not occur based on four additional facts: (1) The failure to describe Osburn as counsel for the county; (2) the fact that the copy of the notice of appeal that Osburn finally did receive was designated "2nd copy, 8-11-98"; (3) the failure of counsel for petitioners to aver in his affidavit opposing dismissal that he timely had mailed a copy of the notice of appeal to Osburn; and (4) the failure of counsel for petitioner to deny that he caused a second copy of the notice of appeal to be mailed to Osburn.

██ None of the foregoing reasons suffices. The failure to identify Osburn in the certificate of service as counsel for the county is immaterial, because the notice otherwise indicates that Osburn is counsel for the county and that service was made on him. The designation of the copy of the notice of appeal that Osburn finally did receive as a "2nd" copy proves nothing about whether the original copy was mailed. As to the third ground, the Court of Appeals was mistaken factually: The record *does* contain a further, sworn statement from counsel that he timely served Osburn.[2] Finally, counsel had no reason to "deny" that he had sent a second copy of the notice of appeal to Osburn; he acknowledged it—not surprisingly, as it is a courtesy that ordinarily would be expected of any lawyer when a document is missing.

█ In summary, the reasons given by the Court of Appeals, when considered either individually or collectively, are not sufficient as a matter of law to justify its dismissal of the appeal. There remains the fact that Osburn did not receive the first copy, however, and this court has acknowledged that failure to mail a copy of the notice of appeal may be inferred from failure to receive it. *Mullen*, 312 Or at 609. Moreover, this court generally has been loath to second-guess the Court of Appeals on matters that turn entirely on facts that either are in or may be inferred from the record. *See ibid.* (illustrating application of that principle). Thus, the Court of Appeals retains the authority to dismiss this appeal if, on reconsideration, it concludes that facts that are in the record or that fairly may be inferred from it justify dismissal.

The petition for review is allowed. The order of the Court of Appeals is vacated. The case is remanded to the Court of Appeals for further proceedings.

---

[2] In fairness to the Court of Appeals, we note that counsel's affidavit was filed very late in the process surrounding the motion to dismiss the appeal, and the Chief Judge may not have been aware that the affidavit existed at the time she signed the order of dismissal.