JOEL W. HAMILTON v. ALEXANDER ROGERS, ELIZABETH N. DAILEY, AND OLIVER A. DAILEY, PRINCIPAL DEFENDANTS, AND SAMUEL A. PLUMER AND WILLIAM T. HURD, GARNISHEE DEFENDANTS.

*Garnishment — Judgment — Joint debtors — Service — Non-resident defendants.*

1. No judgment can be rendered against garnishees unless it will discharge them from liability to the principal defendants.
2. Proceedings against *joint* debtors under How. Stat. chap. 268, are *special* and *statutory,* and cannot be extended; said chapter referring only to cases where process is served upon *one* of the joint defendants, and allowing judgments rendered in such cases no force against the parties not served, except that *joint* property *actually* within the jurisdiction may be levied on.
3. It has been held uniformly that there can be no binding judgment against a party not actually served; and it was held in *D'Arcy v. Ketchum,* 11 How. 165, that such a judgment was not entitled to faith and credit under the Constitution, and could not be proved under the act of Congress.
4. The garnishee statute, if valid at all against absentees, has no provision for reaching joint debtors when *all* of them are not notified.

Error to Wayne. (Speed, J.) Argued July 6, 1887. Decided October 6, 1887.

Assumpsit, with garnishee proceedings. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Edward A. Gott* ( *Otto Kirchner,* of counsel), for appellant.

*Lillibridge & Latham* (*Henry M. Duffield,* of counsel), for garnishee defendants.

CAMPBELL, C. J. Hamilton sued the principal defendants, but got no personal service in Michigan. The suit was begun August 20, 1886; affidavit in garnishment being filed that

day.   Garnishee process was served on defendant Plumer on the same day, but was not served on Hurd till September 7, 1886.   Service of notice was made in New Mexico, October 18, 1886, upon Mr. and Mrs. Dailey, but was not made on Rogers until November 12, 1886, which was more than 60 days after the latest service on Hurd, and nearly 90 days after service upon Plumer.   Declaration was filed November 16, 1886, and final judgment on default, December 20, 1886, against the principal defendants.

The garnishee defendants denied any liability.   An issue was tried in the Wayne circuit court, and the material facts were these:

In May, 1886, the principal defendants and the wife of Rogers, being in New Mexico, made a contract with the garnishee defendants, acting for other persons associated with them, to sell to the garnishee defendants certain property in New Mexico for the sum of $40,000, payable a part down, and the balance on the completion of certain arrangements and contingencies.   The first payments of between $16,000 and $17,000 were made in June, 1886; and on June 17, 1886, deeds in escrow were delivered by the principal defendants to the Socorro County Bank of New Mexico, upon condition that if Plumer and Hurd should, as soon as the money became payable under the contract, deposit it in that bank, then the deeds should be delivered to Plumer and Hurd, and the money held subject to the order of all three of the principal defendants, and payable only on their joint order. This money was to be paid on the counting up and ascertainment of the cattle on the range, and was to be increased or diminished as they overran or fell short in numbers.   The counting was concluded September 9, 1886, after these garnishee proceeding were begun.   The money was payable in New York or Chicago exchange, and possession of the property was not to be complete till paid for.

Before the garnishee process was sued out, the garnishee

defendants sold out to the Detroit & Rio Grande Live Stock Company; and this company after such assignment, and on September 9, when the balance was ascertained and became due, paid it over to the Socorro Bank for the principal defendants, being $21,400.

The court below found for defendants. We think this finding was correct. It is very evident that no judgment can be rendered against garnishees unless it will discharge them from any liability to the principal defendants. These, being non-residents, and not within the jurisdiction, if such defendants can be reached at all through their resident debtors, can only be reached by strict compliance with the statutes.

There are several difficulties here, aside from any question of legislative authority. This contract was made and to be executed in New Mexico, and the payments were to be made at, and deeds delivered by, the Socorro Bank, in New York or Chicago exchange, and at a fixed, or rather at an ascertainable, time. Plumer and Hurd were not either bound or at liberty to pay anywhere else, and without that payment they were to receive no conveyance. A payment in Michigan to third persons would not fulfill the agreement, and would not entitle them to performance, and no court in Michigan could furnish them relief.

A second difficulty is that the real parties interested, before either of the principal defendants had been notified of these proceedings, and before it appears they themselves were notified, paid over the whole sum which had become due on the date when it should have been paid, which was September 9. In this manner the principal defendants, when notified of these proceedings, were already paid in full, and had no debt due them by means of which any jurisdiction could be alleged against them.

Furthermore, one of the principal defendants was not served within the time allowed for service by the statutes, so

that no judgment could be rendered against him in any case.[1] An attempt was made on the argument to place this proceeding on the footing of statutory joint judgments where part. of joint debtors only are served. But those proceedings themselves are special and statutory, and, cannot be extended. The chapter containing them (How. Stat. c. 268) refers only to cases where process is served upon one of them, and it allows such judgments no force against the parties not served, except that joint property actually within the jurisdiction may be levied on. It has been held uniformly that there can be no binding judgment against a party not actually served; and it was held in *D'Arcy v. Ketchum,* 11 How. 165, that such a judgment was not entitled to faith and credit under the Constitution, and could not be proved under the act of Congress. In the present case, none of the principal debtors were within our jurisdiction, and they did not come within the letter or the spirit of the joint debtor act. The garnishee statute, if valid at all against absentees, has no provision for reaching joint debtors when all of them are not notified. The money paid in New Mexico cannot be recalled, and the proceedings here would have been no excuse against a demand for payment there. The payment there was a legal payment, and terminated all claims against Plumer and Hurd.

The judgment should be affirmed.

The other Justices concurred.

---

[1] How. Stat. § 8087.