## EMIL P. LANDSBERG v. THOMAS O. BULLOCK, IMPLEADED WITH LYDIA P. BULLOCK.

*Garnishment—Non-resident defendants*

It was held in *Hamilton v. Rogers*, 67 Mich. 135, that, if the garnishee law can be so applied as to reach foreign creditors of the garnishee at all, it cannot be made applicable unless all *joint* debtors are served with notice within the statutory period.

Error to Wayne. (Gartner, J.)    Argued January 15, 1890.    Decided January 24, 1890.

*Assumpsit.* Defendant Thomas O. Bullock brings error. Reversed. The facts are stated in the opinion.

*Charles M. Swift,* for appellant.

*Griffin, Warner, Hunt & Berry,* for plaintiff.

CAMPBELL, J. This is a somewhat peculiar case. It was commenced by summons in favor of the nominall plaintiff, who is a resident of Michigan, under a color-able assignment by one Baumann, who is not a resident, for personal services as a traveling man for defendants, who live in New York. The summons was in the usuall form, and was not served in Michigan. On December 12, 1888, the day of its issue, Baumann, describing himself as the duly authorized agent of plaintiff, swore out gar-nishee process against the Peninsular Brewing Company of Detroit, describing Thomas and Lydia Bullock as non-residents. The summons and garnishee process were made returnable December 28, 1888. On January 22, 1889, the same Baumann served copies of the summons and gar-nishee papers in New York on Thomas O. Bullock. The return shows no attempt to serve on Lydia P. Bullock, and no reason why she was not served. Subsequently Thomas O. Bullock appeared, and pleaded the general issue. Lydia did not appear, and no further steps were taken to bring her in. But in October, 1889, the case was brought to trial before a jury, and defendant Thomas, declining to introduce testimony, asked, when plaintiff's case was closed, to have a verdict for defendant on the grounds—

1. That no particulars were furnished as demanded.
2. Because there was no service on Lydia.

3. Because the plaintiff is only a formal party, and all the real parties are non-residents.

4. Because no sole cause of action was shown against Thomas O. Bullock, and no jurisdiction existed to render a joint judgment.

The court directed a joint verdict, on which judgment was rendered. Thomas O. Bullock brings error.

No rule is better settled than that an action on a joint claim cannot be put in judgment without a strict compliance with the rules of law on the subject. At common law, the only method of showing inability to bring in one of the parties was by a somewhat long and cumbrous proceeding to outlawry, which could have no proper effect on any but British subjects, and which became not much more than formal. In this State a simpler system is adopted, which has always been held to be special, and which it was held in *Hamilton v. Rogers*, 67 Mich. 135, cannot be extended beyond its terms. It was held in that case that, if the garnishee law can be so applied as to reach foreign creditors of the garnishee at all, it cannot be made applicable unless all joint debtors are served with notice within the statutory period. Even where personal service is had on one within the jurisdiction, the statute is confined within strict bounds. It would seem to require very positive legislation to reach personal claims belonging in whole or in part to a creditor, in another state, never noticed to appear. We regard the decision in *Hamilton v. Rogers* as deciding that no such thing has been attempted, and that is enough to dispose of this case.

We do not discuss the other questions, which might be worthy of consideration, if necessary to be noticed.

The judgment must be reversed absolutely as without jurisdiction, and with costs of both courts.

The other Justices concurred.