Decided at PENDLETON, 13 August, 1898.

### HUNTINGTON *v.* CROUTER.

[54 Pac. 208]

EQUITY—RELIEF AGAINST JUDGMENT—FALSE RETURN.—Equity has jurisdiction to enjoin the enforcement of a judgment at law based on a false return of service of summons.

RETURN ON PROCESS AS EVIDENCE.—An officer's return on a process delivered to him for service is *prima facie* evidence of the material matters therein stated, but it may be contradicted.

From Baker : ROBERT EAKIN, Judge.

This is a suit by A. H. Huntington to set aside a judgment against him, and to enjoin a levy upon his property under an execution issued thereon. The facts are : That Frank Clarke and W. A. Weatherby commenced an action in the Circuit Court of Baker County, Oregon, against S. F. Murphy, J. W. Murphy, J. C. Young, and plaintiff (alleging that they were co-partners as Murphy, Huntington & Young ), to recover the sum of $503.25.

The summons issued in said action was returned with a certificate by the sheriff indorsed thereon to the effect that he had served the same, within said county and state, on March 18, 1891, on A. H. Huntington, by delivering a copy thereof, prepared and certified to by him, together with a copy of the complaint in said action, prepared and certified to by C. A. Johns, one of plaintiff's attorneys therein, to the said A. H. Huntington, in person. The other defendants in said action demurred to the complaint, but no appearance was ever made by or for Huntington. The demurrers were over-ruled, and, no answers having been filed, judgment was rendered against all the defendants for the amount demanded, and entered in the judgment-lien docket of said county. The defendant herein, D. H. Crouter, having obtained an assignment of said judgment, caused an execution to be issued thereon, in pursuance of which the defendant W. H. Kilburn, as sheriff of said county, levied upon certain real property of the plaintiff to satisfy the writ. Thereupon plaintiff commenced this suit, alleging that he never was a partner with either of the defendants in the law action, nor was he ever indebted to the plaintiffs therein. He also alleges that no summons or complaint in said action was ever served upon him, nor did he have any knowledge that such an action had been commenced, or that judgment had been rendered therein, until about April 1, 1897, when the said levy was made ; that the sheriff who purported to have served said summons and complaint, and the sureties on his official undertaking, are insolvent ; and that plaintiff has no plain, speedy, or adequate remedy at law. The defendants having denied the material allegations of the complaint, a trial was had ; and from the evidence taken thereat the court found the facts, in substance, as here-inbefore and in the complaint stated, and thereupon set

aside and cancelled the judgment complained of, as to the plaintiff herein, quashed the levy, and enjoined any further levy under said execution, so far as plaintiff's property was concerned, and dissolved the lien of said judgment thereon, from which decree defendants appeal.

AFFIRMED.

For appellants there was a brief over the names of *John Bruce Messick* and *Wm. H. Packwood, Jr.*, with an oral argument by *Mr. Messick.*

For respondent there was a brief over the names of *Huntington & Wilson* and *King & Saxton,* with an oral argument by *Mr. Bela S. Huntington.*

MR. CHIEF JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by defendants' counsel that the sheriff's return upon the summons in question is conclusive upon the parties to the action ; that plaintiff cannot controvert the facts recited therein ; and that, if he has been injured thereby, his remedy is an action against the officer for a false return,—while plaintiff's counsel maintain that the judgment rendered upon the false return, without notice to, appearance of, or defense by their client, is void ; that the circumstances rendering it so are not apparent from an inspection of the record, and, such being the case, a court of law is powerless to arrest the execution of the judgment, in view of which a court of equity is competent, and should, upon proof of the falsity of the return, afford the relief prayed for.   The question presented by this appeal is one which the courts have considered with much care, resulting in decisions that are wholly irreconcilable.   It was early held by the common law courts

that their judgments purported absolute verity, and were binding upon all parties thereto, in so far as the issue might have been litigated in the action, even though obtained by fraud; and this doctrine was carried to such an extent that, if the jurisdiction of the court depended upon the false return of an officer to the service of process, the party injured by the judgment could not be relieved therefrom, but after satisfying the judgment, he was permitted to maintain an action against such officer to recover the damages he had sustained. The chancellor's court, however, inculcating the doctrine that a party ought not to be deprived of his property without notice and an opportunity to be heard, enjoined the enforcement of judgments at law which were obtained by fraud or concealment. "And this," says Blackstone (3 Comm. 437), "not by impeaching or reversing the judgment itself, but by prohibiting the plaintiff from taking any advantage of a judgment obtained by suppressing the truth, and which, had the same facts appeared on the trial as now are discovered, he would never have attained at all."

Much complaint was made by those who were opposed to such equitable intervention, and at last, to settle the heated controversy, the matter was referred to the king (James I.) who, having obtained the advice of his counsel, gave judgment in favor of the equitable jurisdiction : 3 Blackstone's Commentaries, 53 ; 1 Story, Equity Jurisprudence, § 51. This decision, rendered A. D. 1616, was not satisfactory to those admirers of the principles of the common law who opposed any interference with the judgments of its courts by a court of equity ; and from that time to the present the doctrine has been and is to some extent maintained that the judgment of a court of general jurisdiction ought not to be set aside by a court of equity upon evidence *aliunde* the original

record. But the prevailing doctrine of modern decisions is that, when it appears a judgment has been rendered against a party upon the false return of an officer, it is the imperative duty of a court of equity to correct the wrong and arrest the judgment, and thus avoid a circuity of remedies by compelling the party to satisfy the judgment, and thereafter seek reparation by an action against the officer, who may be insolvent. The conflict in the decisions of the different courts upon this important subject being irreconcilable, and as the question in this court is *res integra*, it becomes necessary to adopt that line which to us seems most compatible with reason, and consonant with the principles of equity.

In a note to the case of *Taylor* v. *Lewis*, 19 Am. Dec. 135, it is said : ''The rule stated in the principal case, that a judgment cannot be impeached in equity as fraudulent and void when it appears that the officer, without combination with the plaintiff, has returned process as served on the defendant, when in fact the same never was served, can hardly be considered the prevailing rule at the present day. A few decisions are found affirming the same, but most of the modern authorities are opposed thereto.'' Further in the note the learned editor says : '' It would seem to be one of those self-evident axiomatic propositions, that might be safely asserted without fear of successful contradiction, that no greater fraud can possibly be perpetrated than to deprive a person of his property without giving him an opportunity to be heard in his defense. To do so is repugnant to our sense of natural justice, opposed to the underlying principles of all free governments, deriving their authority from a written constitution, and is seldom, if ever, sanctioned, except where might, and not right, prevails. Yet the authorities just quoted undoubtedly have that effect ; for when it is asked, and that, too, of those marvels of wis-

dom, and guardian angels of the rights of persons, courts
of equity, to relieve against the commission of such an
outrage (fraud per se, it might truthfully be said), and
to prevent one man through the medium of courts of
justice from confiscating the property of another, their
answer is, 'Inasmuch as you have a cause of action
against the officer for making a false return, we will
deny you the relief sought, allow the constitution to be
violated, and your property confiscated.' Fortunately,
however, the authorities quoted have not been followed
in this country. A contrary rule prevails, and a judg-
ment at law may be vacated or relieved against in equity
when it is made to appear that it is unjust, and that the
court in pronouncing it acted without jurisdiction.''

As supporting the rule, the reason for which is so ably
set forth in the foregoing note, see, also, 1 Black, Judgm.
§§ 376, 377 ; 2 Freem. Judgm. (4th Ed.) § 496 ; 1 High.
Inj. (3d Ed.) §§ 222, 229 ; 1 Spell. Extr. Relief, § 138 et
seq.; 10 Am. & Eng. Enc. Law, 907 ; Crafts v. Dexter, 42
Am. Dec. 666 ; Handley v. Jackson, 31 Or. 552 (65 Am.
St. Rep. 839, 50 Pac. 915) ; Moore v. Town Council, 32
Fed. 498 ; Noyes v. Hillier, 65 Mich. 636, (32 N. W.
872) ; Hamilton v. Rogers, 67 Mich. 135 (34 N. W.
278) ; Ogden v. Davidson, 81 Va. 757 ; Johnson v. Greg-
ory, 4 Wash. 109, (31 Am. St. Rep. 907, 29 Pac. 831) ;
Great West Min. Co. v. Woodmas M. Co., 12 Colo. 46, (13
Am. St. Rep. 204, 20 Pac. 771) ; Owens v. Ranstead, 22
Ill. 161 ; Weaver v. Poyer, 79 Ill. 417 ; Magin v. Lamb,
43 Minn. 80, (19 Am. St. Rep. 216, 44 N. W. 675) ; Fer-
guson v. Crawford, 70 N. Y. 253. Many more decisions
might be cited which support the doctrine that a court
of equity has plenary power, and ought, to enjoin a judg-
ment at law based upon the false return of an officer, but
the foregoing will serve to illustrate the wisdom of the
more modern rule, which demonstrates that the action at

law against the officer is too circuitous, and often inadequate; and, such being the case, the court committed no error in permitting evidence to be introduced at the trial which tended to prove that plaintiff had not been served with the summons in the original action.

A court of equity should not set aside a judgment at law except upon clear, satisfactory, and convincing proof of a lack of service of process by the officer making the return of service, which must always be *prima facie* evidence of the material facts recited therein. *Randall* v. *Collins*, 58 Tex. 231; *Starkweather* v. *Morgan*, 15 Kan. 274; *Jensen* v. *Crevier*, 33 Minn. 372, (23 N. W. 541); *Wyland* v. *Frost*, 75 Iowa, 209 (39 N. W. 241); *Connell* v. *Galligher*, 36 Neb. 749, (55 N. W. 229). Without attempting to quote any of the testimony introduced at the trial, we think it sufficient to support the findings of the court, and to satisfy the requirements of the foregoing rule; and hence the decree is affirmed.

AFFIRMED.

Decided at PENDLETON, 13 August; rehearing denied 17 October, 1898.