Argued and submitted October 8, 2003, reversed March 3, respondent's petition for reconsideration filed March 24 and appellant's response to petition for reconsideration filed March 31 allowed by opinion May 12, 2004
See 193 Or App 476, 89 P3d 1286 (2004)

Rosemayne BURDEN,
*Respondent,*

*v.*

COPCO REFRIGERATION, INC.,
*Defendant,*

*and*

Antoine SABB,
*Appellant.*

0006-06290; A116663

86 P3d 59

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave Vergeer Kester LLP.

Maureen Leonard argued the cause for respondent. With her on the brief was Jane Paulson.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In this personal injury case, defendant Antoine Sabb appeals from an adverse judgment, assigning error to the trial court's denial of his motion to dismiss for insufficient service of process and his motion to offset damages by the amount plaintiff recovered from a codefendant. Concluding that the court should have granted defendant's motion to dismiss, we reverse.

Plaintiff had two automobile accidents in 1998: Defendant rear-ended her car on June 25, and an employee of codefendant Copco Refrigeration, Inc., rear-ended her car on November 9. In 2000, plaintiff sued defendant and Copco. She quickly achieved service of summons and complaint on Copco, but defendant proved impossible to locate. She made numerous attempts to serve him, including once—the attempt at issue in this appeal—by serving a person whom the process server described as "a member of [defendant's] household" at defendant's "usual place of abode." Plaintiff did locate defendant's insurer, and the insurer's attorney filed an answer to the complaint asserting, as an affirmative defense, that "[p]roper or any service has not been effected upon answering defendant." By the time of trial, neither plaintiff nor defendant's insurer's attorney had located defendant. The insurer's attorney represented defendant at trial in defendant's absence.

Some time before trial, plaintiff and Copco reached a settlement for $32,500.

One business day before trial, defendant faxed two pretrial motions to plaintiff. One was a motion to dismiss based on the assertion that, because plaintiff's process server's certificate of service contained only hearsay, plaintiff had not offered any competent evidence to prove sufficient service. ORCP 21. The other was a "motion for offset," based on the assertion that, because plaintiff had alleged "the exact same injuries as to both defendants," she was "subject to offset of the entire amount paid by the settling defendant, Copco." The court heard argument on these motions and denied both of them. The case proceeded to trial, and plaintiff

received a judgment for $63,546.83. Defendant appeals, assigning error to the court's denial of his pretrial motions.

■      We begin with defendant's motion to dismiss for insufficient service, because that issue is dispositive. Defendant first raised the defense of nonservice in his answer to plaintiff's complaint. However, he did not file a motion to dismiss until the day of trial. Plaintiff opposed the motion on two grounds. She claimed that it had to be filed before trial and was therefore untimely and, on the merits, that she had in fact proved substituted service. The trial court heard argument and then denied defendant's motion without indicating whether it did so because it concluded that the motion was untimely or because it found service to be adequate. Neither conclusion is correct.

Plaintiff cites ORCP 21 C in support of the contention that defendant had to file his motion before trial. That rule provides that a defense of insufficiency of service of summons or process "shall be heard and determined before trial *on application of any party*, unless the court orders that the hearing and determination thereof be deferred until the trial." (Emphasis added.) We agree with defendant that the rule requires a pretrial hearing only if a party applies for such a hearing. That interpretation makes grammatical sense; the phrase "on application of any party" modifies and limits "shall be heard and determined." Defendant's interpretation also conforms with the generally accepted interpretation of FRCP 12(b), the federal analog to ORCP 21 C. *See* Charles Wright & Arthur Miller, 5A *Federal Practice and Procedure* § 1373, 547-51 (1990).

Plaintiff nonetheless maintains that a pretrial determination was necessary in order to permit her "an opportunity to call witnesses or gather affidavits establishing proper service." We are unpersuaded. Plaintiff's opportunity depended not on whether the trial court determined sufficiency of service before or at trial but on the length of time between when plaintiff learned that sufficiency was being challenged and when the challenge was heard. Here, defendant raised the issue in his answer 13 months before trial. Even if we presume that plaintiff could not know that she had to prepare a response to the challenge until defendant

sent plaintiff a copy of his motion to dismiss one business day before he filed it at trial, plaintiff could have asked for a continuance if she believed herself to be prejudiced. She did not do so. Thus, because neither party requested pretrial determination of defendant's insufficient service defense, we reject plaintiff's contention that defendant's motion to dismiss was not timely.

■■     We turn to the merits. We review the denial of a motion to dismiss for errors of law, accepting the trial court's findings of fact if "they are supported by 'any competent evidence.'" *Sutherland v. Brennan*, 131 Or App 25, 28-29, 883 P2d 1318 (1994), *aff'd*, 321 Or 520, 901 P2d 240 (1995), quoting *Industrial Leasing Corp. v. Miami Ice Machine Co.*, 126 Or App 80, 85, 867 P2d 548 (1994). Defendant makes two distinct arguments on appeal. First, he contends that the only evidence plaintiff submitted to establish substituted service was hearsay; therefore, no *competent* evidence supports the trial court's conclusion that service was adequate. Second, he contends that, even if plaintiff's hearsay evidence were admissible, there is not enough of it to support the trial court's conclusion. Because we conclude that defendant's first point is correct, we need not reach the second.

■     ORCP 7 D provides, in part:

"(1)  Notice Required. Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. * * * Service may be made * * * by * * * substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode * * *.

"* * * * *

"(2)(b)  Substituted Service. Substituted service may be made by delivering a true copy of the summons and the complaint at the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, a true copy of the

summons and the complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time, and place at which substituted service was made."

In *Baker v. Foy*, 310 Or 221, 228-29, 797 P2d 349 (1990), the Supreme Court explained that service accomplished by any of the methods listed in ORCP 7 D(2) is presumed to meet the requirements of ORCP 7 D(1). Alternatively, if service was not accomplished by one of the listed methods, then the court must determine whether the service nevertheless was "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action * * *." ORCP 7 D(1); *Baker*, 310 Or at 228-29.

When sufficiency of service is challenged, ORCP 21 A prescribes the method that the trial court uses to resolve the dispute:

"If, on a motion to dismiss asserting [insufficiency of service of summons or process], the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense * * *."

In the present case, defendant, as we have noted, timely challenged adequacy of service. As evidence controverting this challenge, plaintiff submitted several affidavits attesting to unsuccessful service and one certificate of service allegedly establishing successful substituted service under ORCP 7 D(2)(b). On appeal, plaintiff relies solely on the certificate and a follow-up letter. The certificate, captioned "Certificate Proof of Service," states that the process server delivered the summons and complaint

"[u]pon [defendant] Antoine Sabb, by delivering such true copy, at the usual place of abode 5122 NE Jarrett St, Portland, OR, to Linda Baker, Mother/Co-Occupant who is a competent person over the age of 14 and a member of the household of the person served on August 2, 2000, at 7:45 PM[.]"[1]

---

[1] The issue we do not reach is whether the statement that Linda Baker is the defendant's "Mother/Co-Occupant" and a member of the household qualifies as a

The certificate also recited the facts about the server himself required by ORCP 7 F(2)(a). Critically, the certificate was not sworn or notarized, nor was it accompanied by an affidavit of service.

Plaintiff contends that this "record of service was presumptively adequate" and that, therefore, because defendant adduced no facts rebutting that presumption, service was adequate in fact: "[T]he *only* evidence is that defendant was properly served at his residence by substituted service on his mother who lived with him." (Emphasis in original.) We disagree.

■■ First, plaintiff, as the party invoking the jurisdiction of the court, has the burden of alleging and proving "such facts as are necessary to establish that the court has jurisdiction to act." *State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980); *Sutherland*, 131 Or App at 28. Although some cases refer to a presumption in favor of adequate service, they mean only that, under *Baker*, successful proof of service under one of the methods described in ORCP 7 D(2) presumptively satisfies the general requirement in ORCP 7 D(1) that service be accomplished in a "manner reasonably calculated * * * to apprise the defendant of the existence and pendency of the action[.]" The cases do not state or imply that any bare assertion of adequate service is presumptively valid. *E.g., Beckett v. Martinez*, 119 Or App 338, 341, 850 P2d 1148, *rev den*, 317 Or 583 (1993); *Pham v. Faber*, 152 Or App 634, 637, 955 P2d 257, *rev den*, 327 Or 484 (1998). Second, ORCP 21 allows the court to consider "affidavits and other evidence." The certificate of service, had it been sworn, could have qualified as an affidavit, but without such attestation it did not. *See* ORS 45.020 ("An affidavit is a written declaration under oath, made without notice to the adverse party."); *Davis Wright Tremaine, LLP v. Menken*, 181 Or App 332, 334-35, 45 P3d 983 (2002) (document not signed under oath "not a legally sufficient affidavit"). It is therefore "other evidence." To be considered in the factfinding process under ORCP 21, that evidence must be "competent." *Sutherland*, 131 Or App at 28-29. Competency is determined under the

statement that she resides at defendant's usual place of abode, as required under ORCP 7 D(2)(b).

Oregon Evidence Code; an ORCP 21 hearing is a judicial fact-finding proceeding, and it is not within any of the exceptions listed in OEC 101. Therefore, the hearsay rules apply, unless "otherwise provided by law." OEC 802. That exception encompasses the affidavits referred to in ORCP 21, but nothing indicates it would encompass "other evidence" that we have held must be "competent." *Sutherland*, 131 Or App at 29. The contents of the process server's certificate were offered to prove the truth of the matter stated therein—that the server was qualified, that he delivered papers to Linda Baker, that she lived at defendant's usual place of abode, and so forth. Plaintiff suggests no reason why the material falls within an exception to the hearsay rule, and we find none. It is not competent evidence. *White v. Mac Air Corp.*, 147 Or App 714, 718, 938 P2d 241, *rev den*, 326 Or 59 (1997) (unsworn "declaration" is not competent evidence to establish personal jurisdiction). Because, then, the material that plaintiff relies on to establish successful service, and therefore jurisdiction, ORCP 4, contains neither affidavits nor competent evidence, the court erred in denying defendant's motion to dismiss for insufficiency of service under ORCP 21.

Reversed.