On respondent's petition for reconsideration filed March 24, and appellant's response to petition for reconsideration filed March 31, reconsideration allowed; former opinion (192 Or App 378, 86 P3d 59) modified and adhered to as modified May 12, 2004

Rosemayne BURDEN,
*Respondent,*

*v.*

COPCO REFRIGERATION, INC.,
*Defendant,*

*and*

Antoine SABB,
*Appellant.*

0006-06290; A116663

89 P3d 1286

Maureen Leonard, for petition.

Thomas M. Christ, and Cosgrave Vergeer Kester, LLP, *contra*.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Plaintiff petitions for reconsideration of our decision in this case, *Burden v. Copco Refrigeration, Inc.*, 192 Or App 378, 86 P3d 59 (2004). We grant the motion for reconsideration and adhere to our previous opinion as clarified by this opinion.

Only one of the arguments that plaintiff makes on reconsideration warrants discussion. Plaintiff argues that, in determining whether plaintiff's service was adequate, we ignored the evidentiary weight of the presumption of adequate service that arises from compliance with ORCP 7. We recite some of the facts to help frame plaintiff's argument.

Plaintiff sued defendant for personal injury. One of the affirmative defenses posed by defendant in its answer to plaintiff's complaint was inadequacy of service under ORCP 7 D(2)(b), which provides that substituted service may be made by delivering a true copy of the summons and complaint to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served. The return of service in this case makes all of the necessary statements to satisfy the requirements of ORCP 7 D(2)(b).

On the day of trial, defendant moved to dismiss plaintiff's complaint under ORCP 21 A(5). At the hearing on the motion, plaintiff offered the return of service on file with the clerk of the court. The process server did not testify. Based on that state of the record, defendant argued that the unsworn statement on the return of service that service occurred by serving a person whom the process server described as "a member of [defendant's] household" at defendant's "usual place of abode" was not competent evidence because the process server's statements constituted hearsay. The trial court denied defendant's motion, and defendant assigned that ruling as error on appeal. In response, we concluded that, for evidentiary purposes, the unsworn return of service was not competent evidence. We reasoned that, as a result, plaintiff had not established legally adequate service of the process because the evidence of service of process in a factfinding hearing under ORCP 21 A(5) must be competent

evidence. Accordingly, we held that the trial court erred in denying defendant's ORCP 21 motion.

In her petition for reconsideration, plaintiff argues,

"The court has voided the judgment for plaintiff without any claim that plaintiff's proofs of service are deficient under Rule 7, and without any evidence to counter the facts encompassed in those documents. The court now imposes on plaintiffs the extraordinary burden not only of *initiating* proof of service but of proving by first-hand testimony the unchallenged facts recorded in those documents."

(Emphasis in original.)

As we stated in our initial opinion, plaintiff bears the burden of proving facts necessary to establish jurisdiction. *See Mullens v. L.Q. Development,* 312 Or 599, 608, 825 P2d 1376 (1992) ("because the appellant is asserting appellate jurisdiction, the appellant must allege and prove timely service"). *Sutherland v. Brennan,* 131 Or App 25, 28, 883 P2d 1318 (1994). Moreover, as we said in Pham v. Faber, 152 Or App 634, 637, 955 P2d 257, *rev den,* 327 Or 484 (1998),

"[i]f service is accomplished in accordance with one of the specific methods allowed in ORCP 7, including substituted service, then it is presumptively adequate. If nothing in the record overcomes that presumption, the inquiry ends."

*See also Baker v. Foy,* 310 Or 221, 226, 797 P2d 349 (1990) (holding that service in accordance with ORCP 7 D(2)(b) is "presumptively adequate service"). No presumption of adequate service arises, however, until there is *proof* that service was accomplished in accordance with one of the specific methods allowed under ORCP 7. The only evidence that plaintiff offered to invoke the statutory presumption of adequate service and to carry her burden of proof that service was accomplished in accordance with ORCP 7 D(2)(b) was the unsworn statement of the process server. For the reasons expressed in our initial opinion, that evidence did not trigger the presumption of service. Plaintiff's argument on reconsideration fails to recognize that predicate. There can be no presumption of adequate service if there is not first competent evidence that service occurred in accordance with ORCP 7. Consequently, contrary to plaintiff's argument, we have not

imposed a new burden of proof on plaintiff, nor have we held that the presumption was outweighed by other evidence. Rather, we have held that the presumption never arose in this case because there was not competent evidence to trigger it.

Reconsideration allowed; former opinion modified and adhered to as modified.