Argued and submitted March 10, decision of Court of Appeals reversed and
remanded for further proceedings September 29, 2005
See 204 Or App 378, 129 P3d 782 (2006)

Rosemayne BURDEN,
*Petitioner on Review,*

*v.*

COPCO REFRIGERATION, INC.,
*Defendant,*

*and*

Antoine SABB,
*Respondent on Review.*

(CC 0006-06290; CA A116663; SC S51729)

121 P3d 1133

Maureen Leonard, Portland, argued the cause and filed the brief for petitioner on review. With her on the brief was Jane Paulson.

Thomas M. Christ, Cosgrave Vergeer Kester LLP, Portland, argued the cause and filed the brief for respondent on review. With him on the brief was Thomas W. Brown.

Kathryn H. Clarke, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

KISTLER, J.

**KISTLER, J.**

The primary question in this case is whether the trial court could rely on the facts recited in a certificate of service in ruling on the sufficiency of service of process. The Court of Appeals held that it could not because ORCP 21 A (2001)[1] requires a plaintiff to prove service by either affidavit or other competent evidence. *Burden v. Copco Refrigeration, Inc.*, 192 Or App 378, 384, 86 P3d 59, *modified on recons*, 193 Or App 476, 89 P3d 1286 (2004). We hold that, because a certificate of service is *prima facie* evidence of the material facts that it recites, the trial court properly relied on those facts in ruling on the sufficiency of service. We reverse the Court of Appeals decision and remand for further proceedings.

Plaintiff brought this negligence action against defendants Sabb and Copco Refrigeration, Inc. Copco settled, and the case against Sabb proceeded. Regarding that defendant, plaintiff filed two certificates of service with the court. The first certificate recited that, after numerous attempts, the process server could not find defendant and thus could not serve him personally. The second certificate recited, in part:

> "I hereby certify, that I have made service of the following upon the individual(s) named below by delivering a certified/true copy of Summons and Complaint.

> "Upon Antoine Sabb, by delivering such true copy, at the usual place of abode, 5122 NE Jarret St, Portland, OR, to Linda Baker, Mother/Co-Occupant who is a competent person over the age of 14 and a member of the household of the person served on August 2, 2000, at 7:45 PM."[2]

Plaintiff perfected substituted service by mailing a copy of the summons and complaint, along with the requisite statement, to defendant at the address listed above. *See* ORCP 7 D(2)(b) (requiring mailing to perfect substituted service).

---

[1] Unless otherwise specified, all references to ORCP 21 are to ORCP 21 (2001), the version of the rule in effect when defendant filed his motion to dismiss.

[2] ORCP 7 D(1) lists the ways in which a plaintiff can accomplish service. It provides, among other things, for "substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode." ORCP 7 D(2)(b) sets out additional requirements for substituted service.

Plaintiff also served a copy of the summons and complaint on defendant's insurer.

Defendant answered the complaint and alleged, as an affirmative defense, insufficiency of service of process. Three days before trial, he served two pretrial motions on plaintiff. He moved to dismiss for insufficiency of service of process and also for an offset. In support of the motion to dismiss, defendant did not introduce any evidence to rebut the facts recited in the certificate of service, nor did he argue that, if those facts were true, they were not sufficient to prove substituted service. Rather, defendant argued only that, because the facts recited in the certificate were hearsay, they were not competent evidence of what the process server did or did not do.

Defendant filed the motion to dismiss and the motion for an offset on the day of trial, and the trial court held a hearing on both motions before impaneling the jury. At the hearing, defendant repeated orally the arguments that he had made in his written motion to dismiss. He argued that plaintiff had the burden of production and persuasion on the sufficiency of service, that the facts recited in the certificate were hearsay, and that plaintiff could not rely on hearsay to meet her burden of production. Plaintiff responded that defendant's motion to dismiss was not timely and that, in any event, she could rely on the facts recited in the certificate to establish the sufficiency of service of process. The trial court denied defendant's motion to dismiss, as well as his motion for an offset, and the jury returned a verdict in plaintiff's favor.

On appeal, defendant assigned error to both the ruling denying his motion to dismiss and the ruling denying his motion for an offset. The Court of Appeals reversed, holding that the trial court had erred in denying the motion to dismiss. *Burden*, 192 Or App at 385. The court started from the proposition that plaintiff had the burden to prove service. *Id.* at 384. Relying on ORCP 21 A, the court reasoned that plaintiff could meet that burden only through " 'affidavits and other evidence.' " *Id.* (quoting ORCP 21 A). It concluded that, because the certificate of service on which plaintiff relied was neither in the form of an affidavit nor competent evidence, it

was not sufficient proof of the facts it recited. *Id.* at 384-85. Because plaintiff had failed to offer any competent evidence of service, the Court of Appeals reversed the trial court's judgment. *Id.* at 385.

■      We allowed plaintiff's petition for review to consider whether plaintiff had the burden of production or persuasion on the sufficiency of service of process and, if she did, whether she could rely on the facts recited in the certificate of service to meet her burden. After we allowed review, we asked the parties to address a preliminary issue—whether defendant's motion to dismiss was timely under ORCP 21 A. We begin with that preliminary issue.

ORCP 21 A provides that "[e]very defense, in law or fact, to a claim for relief * * * shall be asserted in the responsive pleading thereto except that the following defenses may at the option of the pleader be made by motion to dismiss[.]" The rule lists "insufficiency of service of summons or process" as one of the defenses that a party may raise either in a responsive pleading or by way of a motion to dismiss. The rule then states: "A motion to dismiss making any of these defenses shall be made before pleading if a further pleading is permitted."

Focusing on the last sentence, plaintiff argues that, under the plain wording of ORCP 21 A, defendant could not file a motion to dismiss after he filed his answer. Literally, plaintiff is correct. If defendant wanted to file a motion to dismiss under ORCP 21 A, the mandatory wording of that rule required that he file the motion before he filed his answer. That is not the end of the matter, however. ORCP 21 A also permitted defendant to raise insufficiency of service as an affirmative defense in his answer. He did so and did not waive the defense. *See* ORCP 21 G (defining when waiver will occur). Having properly pleaded insufficiency of service as an affirmative defense, defendant either could have waited until trial to present evidence on that defense or he could have applied for a preliminary hearing on the defense pursuant to ORCP 21 C.

The latter rule provides that the defenses listed in ORCP 21 A "shall be heard and determined before trial on application of any party, unless the court orders that the

hearing and determination should be deferred until trial." ORCP 21 C. That rule provides the parties with another procedural mechanism, in addition to a motion to dismiss under ORCP 21 A, for obtaining a pretrial ruling on a potentially dispositive defense.

In this case, defendant filed a motion to dismiss for insufficiency of service on the day of trial, and the trial court resolved that motion before impaneling the jury. ORCP 21 C authorized the trial court to resolve that motion in advance of trial rather than requiring defendant to wait until trial to present evidence on the sufficiency of service. *See* Charles Alan Wright and Arthur R. Miller, 5C *Federal Practice and Procedure* § 1361, 95 (3d ed 2004) (explaining interpretation of analogous rule of federal civil procedure). Even though defendant incorrectly captioned the document as a motion to dismiss under ORCP 21 A rather than an application for a preliminary hearing under ORCP 21 C, his failure to use the correct caption did not prevent the trial court from reaching the merits of his defense and ruling on it before trial.[3] *See State v. Barone*, 329 Or 210, 221, 986 P2d 5 (1999) (substance of motion rather than caption controls).

Having concluded that defendant's "motion to dismiss" was properly before the trial court, we turn to the question whether the court could rely on the facts recited in the certificate of service in determining the sufficiency of service. That question entails two issues. The first is whether plaintiff, as the party invoking the court's jurisdiction, had the burden of production. If she did, the second issue is whether plaintiff could rely on the facts recited in the certificate to meet that burden.

On the first issue, we agree with defendant that plaintiff had the burden of production. "The burden of coming forward with the 'jurisdictional facts' lies upon the party asserting jurisdiction." *State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980). That burden extends to the facts relating to the sufficiency of service. *See Mullens v. L. Q.*

---

[3] In the Court of Appeals, both the parties and the court assumed that defendant did not file his motion to dismiss before trial. Although the trial followed closely on the heels of defendant's motion, both the motion and the hearing on it occurred pretrial.

*Development*, 312 Or 599, 608-09, 825 P2d 1376 (1992) (holding that appellant had burden regarding timely service of notice of appeal). Although neither *Sweere* nor *Mullens* dealt with the precise question at issue here, we see no reason why their reasoning does not apply with equal force in this context.

Indeed, for some time, this court has recognized that a certificate of service that a plaintiff has filed with the court is *"prima facie* evidence of the material facts recited therein." *E.g., Abraham v. Miller*, 52 Or 8, 11, 95 P 814 (1908); *Huntington v. Crouter*, 33 Or 408, 414, 54 P 208 (1898). In recognizing that a certificate of service makes out a *prima facie* case, the court implicitly has allocated the burden of production on the sufficiency of service of process to the plaintiff. We now confirm that implicit allocation and hold explicitly that plaintiff had the burden of production on the sufficiency of service.[4]

■■  Defendant also argues that plaintiff may not rely on the certificate of service to meet her burden of production. That argument is at odds with well-established precedent. Since statehood, Oregon has required plaintiffs to file a proof of service with the court. General Laws of Oregon, Civ Code, ch I, title V, § 60, p 154 (Deady 1845-1864). Once filed, a certificate of service becomes *"prima facie* evidence of the material facts recited therein." *Abraham*, 52 Or at 11; *Huntington*, 33 Or at 414. If those facts establish that the plaintiff properly served the defendant, the plaintiff need not introduce any other evidence to meet his or her burden of production, although a defendant always may introduce evidence to rebut the facts recited in the certificate. *Id.*

Nothing in the adoption of the Oregon Rules of Civil Procedure suggests that the legislature intended to depart from that familiar rule. ORCP 7 F continues, in all material

---

[4] As explained below, in the procedural posture of this case, we need not decide whether plaintiff or defendant had the burden of persuasion on this issue. We note that, in a different context, the court has placed the burden of persuasion on the defendant. *See Abraham*, 52 Or at 10-11 (placing burden of persuasion on defendant seeking to set aside judgment for insufficient service); *Huntington*, 33 Or at 414 (same).

respects, the same rules for proof of service that Oregon has followed since statehood.[5] Decisions such as *Huntington* and *Abraham* that explain the evidentiary effect of a certificate of service apply with equal force to certificates of service filed pursuant to ORCP 7 F. *See Ryerse v. Haddock*, 337 Or 273, 279, 95 P3d 1120 (2004) (when statute contains same wording as prior enactment, cases interpreting prior enactment controlling).

Defendant, however, notes that ORCP 21 A authorizes the parties to introduce "affidavits and other evidence" to prove the existence or nonexistence of facts relevant to a motion to dismiss. Reasoning that a certificate of service is neither an affidavit nor admissible evidence, he concludes that the use of the phrase "affidavits and other evidence" in ORCP 21 A demonstrates a legislative intent to abrogate the longstanding judicial rule that a certificate of service is *prima facie* evidence of the facts that it recites.

Defendant focuses too narrowly on the phrase "affidavits and other evidence." ORCP 21 A provides, in part:

> "If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and *matters outside the pleading, including affidavits and other evidence*, are presented to the court, all parties shall be given a reasonable opportunity to present affidavits and other evidence, and the court may determine the existence or nonexistence of the facts supporting such defense[.]"[6]

---

[5] ORCP 7 F permits a larger group of persons to file certificates of service than the Oregon statutes initially did. *Compare* ORCP 7 F(2)(a)(i) (any person authorized to serve summons and complaint may file certificate of service), *with* General Laws of Oregon, Civ Code, ch I, title V, § 60(1), p 154 (Deady 1845-64) (sheriff or deputy who serves summons may file certificate of service). That change is not material, however, to the evidentiary effect of a certificate of service.

[6] We note that, literally, defendant was not proceeding under ORCP 21 A but under ORCP 21 C. Accordingly, the passage from ORCP 21 A on which he relies is inapposite. However, even if we assume that that passage applies equally to preliminary hearings under ORCP 21 C, his reliance on the phrase "affidavits and other evidence" still is misplaced for the reasons explained below.

(Emphasis added.) ORCP 21 A recognizes that the facts relevant to some of the defenses listed in that rule, such as sufficiency of service, may not appear on the face of the pleading and that "matters outside the pleading, including affidavits and other evidence, [may be] presented to the court." If that occurs, then all parties may present additional "affidavits and other evidence" to the court, and the court may determine the existence or nonexistence of the facts on that record.

It follows from the legislature's use of the word "including" that the category of "matters outside the pleading" that a court may consider in ruling on a motion to dismiss for insufficiency of service is not limited to "affidavits and other evidence." And the cases make clear that one of the matters a court may consider when faced with a challenge to the sufficiency of service of process is the certificate of service on file with the court. *See, e.g., Huntington,* 33 Or at 414 (stating proposition). Put another way, we find nothing in ORCP 21 A that abrogates the well-established rule that the certificate of service is *prima facie* evidence of the facts that it recites. Rather, we interpret ORCP 21 A consistently with ORCP 7 and the cases explaining the evidentiary effect of a certificate of service. *See* ORS 174.010 (providing that "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all").

We hold that plaintiff could rely on the facts recited in the certificate of service to meet her burden of production on the sufficiency of the service. *Cf. Mullens,* 312 Or at 608-09 (party may rely on certificate of mailing to prove timeliness of mailing). In this case, defendant did not introduce any evidence to rebut those facts, and the trial court ruled that plaintiff properly had served defendant. In this procedural posture, we need not decide whether plaintiff also had the burden of persuasion on this issue. Rather, once the trial court ruled in plaintiff's favor, the only question presented by this case is whether there was an evidentiary basis for the trial court's factual findings. *See Illingworth v. Bushong,* 297 Or 675, 694, 688 P2d 379 (1984) (stating standard of review). As explained above, there was.[7] Accordingly, we uphold the

---

[7] A party also may argue that the trial court's factual findings do not comply with a legal standard. In this case, defendant argues on review that, even if the

trial court's ruling denying defendant's motion to dismiss and reverse the Court of Appeals decision. Because the Court of Appeals did not reach defendant's second assignment of error, we remand this case so that it can consider that issue.

The decision of the Court of Appeals is reversed and remanded for further proceedings.

facts recited in the certificate were true, they were not sufficient as a matter of law to prove substituted service. Because defendant did not raise that issue in the trial court, we decline to reach it.