Submitted on remand from the Oregon Supreme Court November 1, 2005,
affirmed February 15, 2006

Rosemayne BURDEN,
*Respondent,*

*v.*

COPCO REFRIGERATION, INC.,
*Defendant,*

*and*

Antoine SABB,
*Appellant.*

0006-06290; A116663

129 P3d 782

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave Vergeer Kester LLP.

Maureen Leonard argued the cause for respondent. With her on the brief was Jane Paulson.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

This appeal arising from a jury verdict in favor of plaintiff is before us on remand from the Oregon Supreme Court. *Burden v. Copco Refrigeration, Inc.*, 339 Or 388, 390, 121 P3d 1133 (2005). As originally presented to us, the case contained two assignments of error by defendant Sabb. First, he contended that the trial court should have granted his motion to dismiss because plaintiff never successfully served her complaint on him. We agreed. *Burden v. Copco Refrigeration, Inc.*, 192 Or App 378, 385, 86 P3d 59, *adh'd to as modified on recons*, 193 Or App 476, 478, 89 P3d 1286 (2004), *rev'd*, 339 Or 388, 390, 121 P3d 1133 (2005). As a result, we did not consider Sabb's second assignment of error, in which he asserted that the trial court erred in denying his motion for offset; that motion, if granted, would have reduced his liability to plaintiff by the amount plaintiff received from a settlement with codefendant Copco Refrigeration, Inc. (Copco). The Supreme Court subsequently reversed on the basis of the first issue and remanded to us for consideration of the second issue. *Burden*, 339 Or at 397. We now conclude that the offset issue that defendant raises on appeal was never raised to the trial court. We therefore affirm the trial court's judgment.

The following facts are undisputed at this stage of the litigation. Plaintiff was the victim of two automobile collisions in 1998. The first occurred in June and was caused by Sabb. The second occurred in November and was caused by an employee of Copco. In a single complaint, plaintiff brought this action against both Sabb and Copco; one claim alleged the negligence of Sabb and a second claim alleged the negligence of Copco. For each claim, plaintiff's complaint listed identical injuries: "neck, back, chest, abdominal and right shoulder pain, headaches, concussion, hammering in her ear, left eyelid droop, [and] oozing and bleeding from prior surgical incision sites[.]" These injuries, she alleged, occurred "[a]s a result of the negligence of defendants."

Before trial, plaintiff and Copco reached a settlement agreement releasing Copco from all liability in exchange for a payment to plaintiff in the amount of $32,500. Sabb elected to proceed to trial. He conceded liability and the parties agreed on the amount of economic damages; the sole

issue was noneconomic damages. Before the proceedings began, Sabb filed a "Motion for Offset," arguing that, in order to prevent a double recovery, the trial court should rule that Sabb's liability to plaintiff as ultimately determined by the jury had to be reduced by the amount plaintiff received in settlement from Copco:

> "Plaintiff filed her Complaint alleging *the exact same injuries as to both defendants.* The matter went to a private mediation several months ago, and plaintiff reached an agreement to settle her claims against Copco Refrigeration, Inc. Plaintiff signed a general Release of All Claims * * *. At that point, defendant Copco Refrigeration, Inc., became either a settling party under ORS 18.470 et seq., or extinguished the obligation of defendant Sabb to the plaintiff for the same injury to the extent of the consideration paid, pursuant to ORS 18.455(1)(a).[1] She has failed to distinguish the claims that were made against the individual defendants before settling under a general release with one of them."

(Emphasis in original.) Plaintiff argued against the motion on the ground that the injuries occurred in separate accidents, and that, based on the evidence to be adduced at trial, the jury should determine which injuries Sabb caused and hold him liable for those. The trial court agreed with plaintiff, noting,

> "[C]ounsel are certainly allowed to argue the relationship, if any, between the first accident and the second accident and what conclusions the jury ought to draw in terms of what sort of injuries [plaintiff] sustained in those incidents, but the fact of settlement, amount of settlement should not be gone into."

Thereafter, the parties presented evidence as to which accident caused which injuries. Plaintiff's evidence established that the first accident was by far the more serious; the collision with Sabb resulted in over $4,000 in damages to her car and caused her to miss 41 days of work,

---

[1] The statutes involved in this case were renumbered in 2003. *Former* ORS 18.455, *renumbered as* ORS 31.815; *former* ORS 18.470, *renumbered as* ORS 31.600; *former* ORS 18.480, *renumbered as* ORS 31.605; *former* ORS 18.485, *renumbered as* ORS 31.610; and *former* ORS 18.580, *renumbered as* ORS 31.580. We use the former numbers throughout.

whereas the accident with Copco's employee resulted in a $740 bumper repair and caused a week of missed work. She also testified directly and explicitly that the personal injuries from the first accident continued to cause pain and disability after the second accident, never having abated in the interim. In closing argument, plaintiff's counsel repeatedly told the jurors that they had the task of determining which injuries derived from the first accident and which from the second. The court subsequently instructed the jurors,

> "[W]ith regard to the second accident, November 9th, 1998, you heard some discussion about another defendant and claims against him. However, I would like you to focus entirely on this case. You're to consider the claims in this case only. You should not consider or speculate about the claims against the other defendant."

The jury subsequently found Sabb liable for noneconomic damages in the amount of $52,916.75. The parties had stipulated to $9,145 in economic damages resulting from the first accident. The court therefore entered judgment against Sabb, with interest, in the amount of $63,546.83.

Sabb assigns error to the trial court's denial of his pretrial motion for offset. That motion, as we have pointed out, rested on ORS 18.470 and ORS 18.455(1)(a). Those statutes intertwine to produce a requirement that the trier of fact apportion fault among the parties. ORS 18.455 provides, in part:

> "(1)   When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury to person or property * * * or claimed to be liable in tort for the same injury * * *:
>
> "(a)   It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but the claimant's claim against all other persons specified in ORS 18.470(2) for the injury * * * is reduced by the share of the obligation of the tortfeasor who is given the covenant, as determined under ORS 18.480 and 18.485[.]"

The last phrase requires the liability of the remaining tortfeasors to be reduced by "the share of the obligation of the tortfeasor who is given the covenant," in this case, Copco; the

process for determining that obligation is set out in the cross-referenced provisions. ORS 18.480 provides that, upon the request of any party, the trier of fact shall assign "[t]he degree of fault of each person specified in ORS 18.470(2)" and that the jury "shall not be informed of any settlement made by the claimant"; similarly, ORS 18.485 directs that, for any case arising out of bodily injury, the liability of each defendant shall be several and "the court shall determine the award of damages to each claimant in accordance with the percentages of fault determined by the trier of fact under ORS 18.480." Finally, ORS 18.470(2), also cited in defendant's motion, provides, "The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled."

Although Sabb's theory at trial was never developed at any length (it consists entirely of the material quoted above, 204 Or App at 381), he apparently tried unsuccessfully to persuade the trial court that the cited statutes apply not only to apportioning fault among plaintiffs and various tortfeasors involved in the same accident, but also to apportioning liability among tortfeasors involved in different accidents, so long as the accidents are pleaded as claims in the same case and the plaintiff's injuries are not distinguished. That may or may not be correct. We have no occasion to decide the issue, however, because on appeal Sabb abandons those statutory arguments and relies instead solely on ORS 18.580, a codified "collateral source" rule. That statute provides:

> "(1) In a civil action, when a party is awarded damages for bodily injury or death of a person which are to be paid by another party to the action, and the party awarded damages or person injured or deceased received benefits for the injury or death other than from the party who is to pay the damages, the court may deduct from the amount of damages awarded, before the entry of final judgment, the total amount of those collateral benefits * * *.

> "* * * * *

> "(2)    Evidence of the benefit described in subsection (1) of this section and the cost of obtaining it is not admissible at trial, but shall be received by the court by affidavit submitted after the verdict by any party to the action."

Sabb argues that, on the basis of this statute and the case law interpreting it, *i.e., Wade v. Mahler,* 167 Or App 350, 354, 1 P3d 485, *rev den,* 331 Or 334 (2000), he is entitled to an offset in the amount of the collateral benefit plaintiff received from defendant Copco.

Sabb's argument suffers from several defects, the first and most serious of which is that he never made it to the trial court. In that forum, he argued that the court was required to apportion fault because he and Copco's employee inflicted the same injury on plaintiff; the trial court denied the motion, apparently on the ground that the factual predicate to application of the cited statutes—identity of the injury—first had to be established by the jury. Before this court, Sabb relies on a statute under which a court "*may* deduct [collateral benefits] from the amount of damages *awarded,*" if a defendant submits an affidavit, after the verdict but before judgment, containing evidence of the collateral benefit. ORS 18.580 (emphasis added). Further, unlike a party seeking application of a comparative or contributory negligence statute, a party seeking a setoff "has the burden of proving that the injuries for which recovery was sought were the same in each action." *Maduff Mortgage Corp. v. Deloitte Haskins & Sells,* 98 Or App 497, 506, 779 P2d 1083 (1989), *rev dismissed,* 309 Or 323 (1990). Thus, Sabb's failure to make a collateral source argument at trial is not a mere technical failure to cite the proper statute; it is a complete failure to apprise the court of the actual argument he now makes on appeal. Fairness to the opposing party, as well as the rules of appellate procedure, require us not to countenance the argument for the first time on appeal. ORAP 5.45(1); *State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988); *State v. Wyatt,* 331 Or 335, 343, 15 P3d 22 (2000).

Affirmed.